Arshad Majid (AM-4477)
MAJID & ASSOCIATES, P.C.
300 Rabro Drive, Suite 112
Hauppauge, New York 11788
(631) 582-5558
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

RAHEEM CREWS (Individually and as Parent of
SHAHEEM CREWS), NANCY GILYARD, PATRICK
GILYARD and SHAMEEKA DAWSON (Individually
and as Parent of SHAHEEM CREWS)

                                   Plaintiffs,

    -against-

THE COUNTY OF NASSAU, and "JOHN AND JANE DOES 1-15"
representing as yet unknown and unidentified employees of Nassau County
(all individually and in their official capacities as employees of Nassau County),
THE NASSAU COUNTY POLICE DEPARTMENT,
NASSAU COUNTY POLICE COMMISSIONER JAMES H. LAWRENCE,
FIRST DEPUTY POLICE COMMISSIONER ROBERT BISHOP,
DEPUTY POLICE COMMISSIONER JOHN HAVIKEN,
ASST. POLICE COMMISSIONER DAVID MACK,
ASST. POLICE COMMISSIONER DENIS MONETTE,
CHIEF OF DEPARTMENT RAYMOND CRAWFORD,
CHIEF OF DETECTIVES HERBERT FAUST,
DEPUTY CHIEF OF DETECTIVES PAUL TULLY,
INSP. PATRICK O'CONNOR, DET. LT. ANDREW FAL,
DET. LEMMA, DET. HOLLAND, DET. MESSE,
LT. JOSEPH BARBIERI, P.O. RONALD ANNARUMMA,
and "JOHN AND JANE DOES 16-30" representing as yet
unknown and unidentified members of the Nassau County Police
Department (all individually and in their official capacities as
employees of the Nassau County Police Department),
THE NASSAU COUNTY SHERIFF'S DEPARTMENT,
SHERIFF EDWARD REILLY and
"JOHN AND JANE DOES 31-45" representing as yet
unknown and unidentified members of the Nassau County Sheriff's
Department (all individually and in their official capacities as
employees of the Nassau County Sheriff's Department),
THE OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY,
NASSAU COUNTY DISTRICT ATTORNEY DENIS DILLION,
ASST. DISTRICT ATTORNEY MATTHEW LAMPERT,
ASST. DISTRICT ATTORNEY KEVIN HIGGINS,
ASST. DISTRICT ATTORNEY ELISE McCARTHY,
ASST. DISTRICT ATTORNEY GREG MADEY and
"JOHN AND JANE DOES 46-60" representing as yet unknown and unidentified
members of the Office of the Nassau County District Attorney
(all individually and in their official capacities as employees of the
Office of the Nassau County District Attorney),

                                 Defendants.

-------------------------------------------------------------------------X

CASE NO.:

**COMPLAINT**

**PLAINTIFFS
DEMAND
TRIAL BY JURY**

CV 06 2610

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   MAY 25 2006   ★

BROOKLYN OFFICE

WEXLER, J.

WALL, M.J.

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT.

| EASTERN | District of | NEW YORK |
|---|---|---|

RAHEEM CREWS (Individually and as Parent of
SHAHEEM CREWS), NANCY GILYARD et. al.

### V.

THE COUNTY OF NASSAU et. al.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   CV 06  2610

WEXLER. J

WALL, M.J.

TO: (Name and address of Defendant)

THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE
DEPARTMENT, THE NASSAU COUNTY SHERIFF'S DEPARTMENT,
THE OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY,
NASSAU COUNTY DISTRICT ATTORNEY DENIS DILLION, et. al.
One West Street       Mineola, New York  11501

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Arshad Majid (AM-4477)
MAJID & ASSOCIATES, P.C.
300 Rabro Drive, Suite 112
Hauppauge, New York 11788
(631) 582-5558

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN                        MAY 25 2006

CLERK                                      DATE

(By) DEPUTY CLERK

Plaintiffs, by their attorneys, MAJID & ASSOCIATES, P.C., complaining of the defendants, all upon information and belief, respectfully allege:

## JURISDICTION

1.      The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1981, 1983 and 1985, the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and pendent claims under the constitution and laws of the State of New York.

2.      That all times herein mentioned all Defendants were acting under color of law.

## JURY TRIAL DEMANDED

3.      Plaintiffs demand a trial by jury on each and every claim made hereunder.

## VENUE

4.      Plaintiffs Raheem Crews ("RAHEEM"), Nancy Gilyard ("RAHEEM'S MOTHER"), Shaheem Crews ("RAHEEM'S INFANT SON") and Patrick Gilyard ("RAHEEM'S BROTHER") were and are African American residents of the County of Queens, State of New York.

5.      Plaintiff Shamika Dawson ("RAHEEM'S FIANCEE") is an African American resident of the County of Nassau, State of New York.

6.      The allegations herein arose within this judicial district and are therefore within the jurisdiction of the court.

## PARTIES

7.      That all times herein mentioned, Plaintiffs Raheem Crews ("RAHEEM"), Nancy Gilyard ("RAHEEM'S MOTHER"), Shaheem Crews ("RAHEEM'S INFANT SON") and Patrick Gilyard ("RAHEEM'S BROTHER") were and are African American residents of the County of Queens, State of New York.

8.      That all times herein mentioned, Plaintiff Shamika Dawson ("RAHEEM'S FIANCEE") is and was an African American resident of the County of Nassau, State of New York.

9.      That upon information and belief, at all times herein mentioned, the defendant, County of Nassau ("COUNTY"), was and still is a municipal corporation, duly organized and existing by virtue of the laws of the State of New York. It is authorized by law to maintain a Police Department, a County

1

Sheriff's Office, a Correctional Facility and a District Attorney's office all of which act as its employees and agents in the area of law enforcement and all for which it is ultimately responsible.

      10.    "JOHN AND JANE DOES 1-15" are/were COUNTY EMPLOYEES employed by defendant COUNTY and working for defendant COUNTY as employees and agents thereof. Throughout the events hereinafter described, defendants COUNTY EMPLOYEES were acting in the course of their duties and functions as COUNTY EMPLOYEES of and for defendant COUNTY. Defendants COUNTY EMPLOYEES are sued in both their official and individual capacities.

      11.    Upon information and belief, all defendant COUNTY EMPLOYEES were and are still citizens and residents of the State of New York.

      12.    Their residence and citizenship lead to their conduct being constrained and governed by federal and state laws and professional standards relating to their duties and employment.

      13.    Upon information and belief, the identities of all defendant COUNTY EMPLOYEES are known particularly by defendants COUNTY and/or the personnel and supervisory personnel of the additional defendants named and listed herein, including uniformed and non-uniformed COUNTY EMPLOYEES, who were present at the place of occurrence and/or have knowledge of the facts herein.

      14.    That upon information and belief, at all times herein mentioned, the defendant, The Nassau County Police Department ("DEPARTMENT"), was and is an agency and/or subdivision of Defendant COUNTY.

      15.    Defendants Police Commissioner James H. Lawrence ("COMMISSIONER"), First Deputy Police Commissioner Robert Bishop ("FIRST DEPUTY COMMISSIONER"), Deputy Police Commissioner John Haviken ("DEPUTY COMMISSIONER"), Assistant Police Commissioner David Mack ("ASST. COMMISSIONER"), Assistant Police Commissioner Denis Monette ("ASST. COMMISSIONER"), Chief of Department Raymond Crawford ("CHIEF"), Chief of Detectives Herbert Faust ("CHIEF DET."), Deputy Chief of Detectives Paul Tully ("DEP. CHIEF DET."), Inspector Patrick O'Connor ("INSP."), Detective Lieutenant Andrew Fal ("DET. LT."), Detective Lemma ("DET. LEMMA"), Detective Holland ("DET. HOLLAND"), Detective Messe ("DET. MESSE"), Lieutenant Joseph Barbieri ("LT. BARBIERI"), Police Officer Ronald Annarumma ("P.O. ANNARUMMA") and unknown individual Police Officers and Detectives of Nassau County ("JOHN AND JANE DOES 16-30") are/were DETECTIVES, POLICE OFFICERS AND/OR SUPERVISORS employed by Defendants COUNTY and/or DEPARTMENT, working for defendants COUNTY and/or DEPARTMENT as supervisors, employees and agents thereof. Throughout the events hereinafter described, defendants DETECTIVES, POLICE OFFICERS AND/OR SUPERVISORS were acting in the course of their duties and functions as Supervisors, Detectives and Police Officers of and for defendants COUNTY and/or DEPARTMENT and as supervisors, employees and agents of defendants COUNTY and/or

2

DEPARTMENT. Defendants DETECTIVES, POLICE OFFICERS AND SUPERVISORS are sued in both their official and individual capacities.

16. Defendants COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., and DET. LT. are/were officials appointed by defendant COUNTY, with final government authority to establish municipal policy who personally selected, supervised, had direct knowledge of, participated in and were directly responsible for the actions of all employees and/or agents of defendant DEPARTMENT as alleged herein.

17. Upon information and belief, all defendant DETECTIVES, POLICE OFFICERS AND/OR SUPERVISORS were and are still citizens and residents of the State of New York.

18. Their residence and citizenship lead to their conduct being constrained and governed by federal and state laws and professional standards relating to their duties and employment.

19. Upon information and belief, the identities of all defendant DETECTIVES, POLICE OFFICERS AND/OR SUPERVISORS are known particularly by defendants COUNTY and/or DEPARTMENT supervisory personnel, including uniformed and non-uniformed COUNTY and/or DEPARTMENT employees, who were present at the place of occurrence and/or have knowledge of the facts herein.

20. That upon information and belief, at all times herein mentioned, the defendant, the Nassau County Sheriff's Department ("COUNTY SHERIFF"), was and is an agency and/or subdivision of defendant COUNTY.

21. Defendants Sheriff EDWARD REILLY ("SHERIFF") and "JOHN AND JANE DOES 31-45" are/were SHERIFF, DEPUTY SHERIFFS, CORRECTIONS OFFICERS, AND/OR SUPERVISORS employed by defendants SHERIFF and/or COUNTY and/or DEPARTMENT, working for defendants SHERIFF and/or COUNTY and/or DEPARTMENT as corrections officers, supervisors, employees and agents thereof. Throughout the events hereinafter described, defendants CORRECTIONS OFFICERS, SHERIFF, DEPUTY SHERIFFS, AND/OR SUPERVISORS were acting in the course of their duties and functions as corrections officers, supervisors, employees and agents of and for defendants COUNTY and/or DEPARTMENT and/or COUNTY SHERIFF. Defendants COUNTY SHERIFF, CORRECTIONS OFFICERS, SHERIFF, DEPUTY SHERIFFS, AND/OR SUPERVISORS are sued in both their official and individual capacities.

22. Defendant SHERIFF is/was a county official appointed by defendant COUNTY, with final government authority to establish municipal policy, who personally selected, supervised, had direct knowledge of, participated in and was directly responsible for the actions of all employees and/or agents of defendant COUNTY SHERIFF as alleged herein.

3

23.     Upon information and belief, defendants SHERIFF, DEPUTY SHERIFFS, CORRECTIONS OFFICERS, AND/OR SUPERVISORS and JOHN AND JANE DOES 31-45 were and are still citizens and residents of the State of New York.

24.     Their residence and citizenship lead to their conduct being constrained and governed by federal and state laws and professional standards relating to their duties and employment.

25.     Upon information and belief, the identities of defendants DEPUTY SHERIFFS, CORRECTIONS OFFICERS, AND/OR SUPERVISORS and JOHN AND JANE DOES 31-45 are known particularly by defendants COUNTY, COUNTY SHERIFF and DEPARTMENT supervisory personnel, including uniformed and non-uniformed COUNTY, COUNTY SHERIFF and DEPARTMENT employees, who were present at the place of occurrence and/or have knowledge of the facts herein.

26.     Defendants COUNTY, SHERIFF, DEPUTY SHERIFFS, CORRECTIONS OFFICERS, AND/OR SUPERVISORS and JOHN AND JANE DOES 31-45 were and are still directly responsible for all aspects of the operation, record keeping and maintenance of the NASSAU COUNTY CORRECTIONAL FACILITY ("COUNTY JAIL") located in East Meadow, New York.

27.     That upon information and belief, at all times herein mentioned, the defendant, the Nassau County District Attorney's Office ("DA'S OFFICE"), was and is an agency and/or subdivision of Defendant COUNTY.

28.     Defendant Nassau County District Attorney Denis Dillon ("DA") is/was an elected official with final government authority to establish municipal policy who personally selected, supervised, had direct knowledge of, participated in and was directly responsible for the actions of all employees and/or agents of Defendant DA'S OFFICE as alleged herein.

29.     Defendants Assistant District Attorney Matthew Lampert ("A.D.A. LAMPERT"), Assistant District Attorney Kevin Higgins ("A.D.A. HIGGINS"), Assistant District Attorney Elise McCarthy ("A.D.A. McCARTHY"), Assistant District Attorney Greg Madey ("A.D.A. MADEY") and "JOHN AND JANE DOES 46-60" are/were PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY and/or DA'S OFFICE, working for defendants COUNTY and/or DA'S OFFICE as employees and agents thereof. Throughout the events hereinafter described, defendants PROSECUTORS AND/OR SUPERVISORS were acting in the course of their duties and functions as Prosecutors and/or Supervisors of and for defendants COUNTY and/or DA'S OFFICE and as employees and agents of defendants COUNTY and/or DEPARTMENT and/or DA'S OFFICE and/or DA.     Defendants PROSECUTORS AND/OR SUPERVISORS are sued in both their official and individual capacities.

30.     Upon information and belief, all defendant PROSECUTORS AND/OR SUPERVISORS were and are still citizens and residents of the State of New York.

4

31.     Their residence and citizenship lead to their conduct being constrained and governed by federal and state laws and professional standards relating to their duties and employment as attorneys and prosecutors, including ethical standards set by national and state bar associations.

32.     Upon information and belief, the identities of all defendant PROSECUTORS AND/OR SUPERVISORS are known particularly by defendants COUNTY, DEPARTMENT, DA'S OFFICE supervisory personnel, including uniformed and non-uniformed COUNTY, DEPARTMENT and DA'S OFFICE employees, who were present at the place of occurrence and/or have knowledge of the facts herein.

33.     Upon information and belief, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., CORRECTIONS OFFICERS, SHERIFF, DEPUTY SHERIFFS, JOHN AND JANE DOES 1-60, OFFICERS AND/OR DETECTIVES, DA, DA'S OFFICE and PROSECUTORS AND/OR SUPERVISORS and their respective agents/employees routinely share information regarding past, current and proposed criminal investigations, arrests, prosecutions and convictions.

34.     Throughout the events hereinafter described, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., CORRECTIONS OFFICERS, SHERIFF, DEPUTY SHERIFFS, JOHN AND JANE DOES 1-60, OFFICERS AND/OR DETECTIVES, DA, DA'S OFFICE and PROSECUTORS AND/OR SUPERVISORS and their respective agents/employees had access to historical information relating to the intake and discharge of past and current prisoners in the COUNTY JAIL.

## NOTICE OF CLAIM

35.     That on or about December 8, 2005 Plaintiffs (then Claimants) caused a written Notice of Claim, to be served upon the County Attorney for defendant COUNTY, said Notice of Claim set forth the name and post office address of Plaintiffs herein, the nature of the claim, the time when, the place where and the manner in which the claim herein sued upon arose and the item of damages or injuries claimed to have been sustained, so far as then practicable.

36.     That a copy of the said Notice of Claim, served as aforesaid, is annexed hereto, made a part hereof and incorporated by reference herein. (See Exhibit 1).

37.     That at least thirty days have elapsed prior to the commencement of this action since the service of the Notice of Claim on the County of Nassau, and payment thereof has been refused by defendant COUNTY.

5

38.     That this action was commenced within one year and ninety days after the cause of action accrued.

## ALLEGATIONS

39.     Throughout the events hereinafter described, defendants DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA and JOHN AND JANE DOES 16-30, Shield Numbers unknown, were acting in the course of their duties and functions as OFFICERS AND/OR DETECTIVES of and for defendants COUNTY and/or DEPARTMENT and were employed and supervised by defendants COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP. and DET. LT. and acted as employees and agents of defendants COUNTY and/or DEPARTMENT and/or COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and/or DA'S OFFICE.

40.     Defendants OFFICERS AND/OR DETECTIVES were selectively screened, employed, trained and supervised by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONER, ASST. COMMISSIONER, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and/or DA'S OFFICE, for numerous tasks relating to their law enforcement duties including but not limited to investigation, identification, arrest, detention, interrogation, witness preparation and other tasks relating to the prosecution and conviction of individuals.

41.     On or about May 27, 2005 at approximately 7PM, Raheem Crews ("RAHEEM") a 19 year old African American male resident of Queens County, New York was visiting the home of a friend and resident of Nassau County in the town of Roosevelt, New York.

42.     On or about May 27, 2005 at approximately 7PM, while in the front yard of his friend's home located at 15 Bennett Avenue, Roosevelt, New York, RAHEEM was approached by two or three unidentified white males in plainclothes who asked his name, announced that he was being placed under arrest for robbing an unidentified person at knifepoint on April 26, 2005, physically and painfully restrained and handcuffed RAHEEM against his will and placed him under arrest without a warrant and without probable cause in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

43.     On information and belief, these two or three males were OFFICERS AND/OR DETECTIVES employed, trained and supervised by defendants COUNTY, DEPARTMENT,

6

COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT and DA'S OFFICE.

44. Despite RAHEEM's repeated protests, these unidentified OFFICERS AND/OR DETECTIVES and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and DA'S OFFICE, continued to physically and painfully restrain, arrest and handcuff RAHEEM without a warrant and without probable cause; unlawfully confined, detained and questioned RAHEEM against his will in an unmarked police vehicle and transported him to an unidentified police precinct in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

45. On or about May 27, 2005 at the unidentified precinct and against his will, RAHEEM was again painfully restrained, detained and interrogated by unidentified OFFICERS AND/OR DETECTIVES and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and DA'S OFFICE, without a warrant and without probable cause from approximately 8PM on May 27, 2005 until 6AM on May 28, 2005 in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

46. From approximately 8PM on May 27, 2005 to approximately 6AM on May 28, 2005 during said unlawful detention and interrogation, RAHEEM was illegally handcuffed and physically and painfully restrained in an attempt to prevent any exercise of his liberty by said unidentified OFFICERS AND/OR DETECTIVES and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and DA'S OFFICE, without a warrant and without probable cause in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

7

47.      From approximately 8PM on May 27, 2005 to approximately 6AM on May 28, 2005 during said unlawful detention and interrogation, unidentified OFFICERS AND/OR DETECTIVES and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and DA repeatedly threatened RAHEEM that they would ensure that he would be sentenced to a term of no less than 25 years to life in an upstate maximum security prison facility if he did not confess to the crime of Robbery in the First Degree, a violent felony which in fact carries a maximum sentence of 25 years to life imprisonment; thereby placing RAHEEM in fear for his life and welfare and causing him fear, anxiety, panic and other emotional harm in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

48.      From approximately 8PM on May 27, 2005 to approximately 6AM on May 28, 2005, unidentified OFFICERS AND/OR DETECTIVES and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and DA repeatedly threatened RAHEEM with physical harm and 25 years to life incarceration and denied RAHEEM access to his family, thereby placing him in fear for his life and welfare and causing him fear, anxiety, panic and other emotional harm in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

49.      From approximately 8PM on May 27, 2005 to approximately 6AM on May 28, 2005 during said illegal detention and interrogation the unidentified OFFICERS AND/OR DETECTIVES, other unidentified employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and DA and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, DA repeatedly insisted that RAHEEM was a gang member, that they had conclusive proof that RAHEEM had committed the crime of Robbery in the First Degree on April 26, 2005 while robbing the victim at knifepoint and continually threatened RAHEEM with physical harm and 25 years to life incarceration if he did not confess to the crime of Robbery in the First Degree, a violent felony which in fact carries a maximum sentence of 25 years to life imprisonment

8

thereby placing RAHEEM in fear for his life and welfare and causing him fear, anxiety, panic and other emotional harm in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

50.    From approximately 8PM on May 27, 2005 to approximately 6AM on May 28, 2005 during said illegal detention and interrogation, RAHEEM repeatedly denied any such gang affiliation, continually asserted his innocence and despite numerous requests was denied any opportunity to contact his family by unidentified OFFICERS AND/OR DETECTIVES, other unidentified employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA thereby placing RAHEEM in fear for his life and welfare and causing him fear, anxiety, panic and other emotional harm in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

51.    Despite RAHEEM'S repeated requests, from approximately 8PM on May 27, 2005 to approximately 6AM on May 28, 2005 during said illegal and unlawful detention and interrogation, unidentified OFFICERS AND/OR DETECTIVES, other unidentified employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA denied RAHEEM his lawful right to legal assistance thereby placing RAHEEM in fear for his life and welfare and causing him fear, anxiety, panic and other emotional harm in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York .

52.    Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and DA knew or should have known that said unidentified OFFICERS AND/OR DETECTIVES, other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY

9

COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA had unlawfully placed RAHEEM under arrest without a warrant and without probable cause and that during said illegal and unlawful detention and interrogation were acting unlawfully and in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

53.   Despite the fact that defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and DA knew or should have known that their agents and/or employees were acting unlawfully, they failed to take any action to prevent or deter said unlawful conduct in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

54.   On or about May 28, 2005 at approximately 11AM, RAHEEM was arraigned in the Nassau County Court and falsely charged by defendants COUNTY, DEPARTMENT, DA'S OFFICE, DA, A.D.A. LAMPERT and other unidentified employees and/or agents of defendants COUNTY and/or DEPARTMENT and/or DA via a Felony Complaint ("THE COMPLAINT") with the crime of Robbery in the First Degree in violation of New York State Penal Section 160.15(3), a B violent felony which carries a maximum sentence of 25 years to life imprisonment in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York. (See Exhibit 2).

55.   The Felony Complaint upon which RAHEEM was arraigned and falsely charged resulted from intentional, malicious and/or reckless actions and activities supervised, conducted and/or condoned by defendants COUNTY, COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., and DA and unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA and clearly identifies the crime date and time as "April 26, 2005 at about 6:40PM."

10

56.     Said Felony Complaint was prepared and/or witnessed by defendants DET. BARBIERI and P.O. ANNARUMMA and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE under the direction and supervision of defendants COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., and DA, signed under penalty of perjury by P.O. ANNARUMMA and clearly identifies the crime date and time as "April 26, 2005 at about 6:40PM."

57.     On or about May 28, 2005 at 11AM, at the specific request of defendants COUNTY, OFFICERS AND/OR DETECTIVES, other unidentified employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA, A.D.A. LAMPERT and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA'S OFFICE, RAHEEM was held against his will on $150,000.00 bail following arraignment and unlawfully detained in the Nassau County Correctional Facility ("COUNTY JAIL") in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

58.     Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA, A.D.A. LAMPERT and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA'S OFFICE intentionally requested excessive bail in order to ensure that RAHEEM would be denied rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

59.     Following said arraignment on or about May 28, 2005 at 11AM, at the specific request of defendants COUNTY, DEPARTMENT, OFFICERS AND/OR DETECTIVES, other unidentified employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA, A.D.A. LAMPERT and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA'S OFFICE, RAHEEM was placed in the custody of defendants COUNTY, SHERIFF, CORRECTIONS OFFICERS, DEPUTY

11

SHERIFFS, JOHN AND JANE DOES 31-45 AND/OR SUPERVISORS and unlawfully incarcerated in the COUNTY JAIL in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

60.     From May 28, 2005 until his release on September 29, 2005 RAHEEM was incarcerated in the COUNTY JAIL which is used to house dangerous and violent criminals charged with violent felonies such as murder, armed robbery, rape and assault and dangerous and violent federal prisoners charged with violent federal crimes such as murder, armed robbery, kidnapping, assault and terrorism; causing RAHEEM, RAHEEM'S MOTHER, RAHEEM'S INFANT SON, RAHEEM'S BROTHER and RAHEEM'S FIANCEE to experience emotional distress, anxiety and fear for RAHEEM'S life, welfare and physical and emotional safety in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

61.     On or about June 1, 2005 RAHEEM obtained defense counsel.

62.     On or about June 1, 2005 defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA provided RAHEEM's defense counsel with a copy of said Felony Complaint and RAHEEM'S official NYSID criminal history printout. Said NYSID printout also reflects a crime date of April 26, 2006. (See Exhibit 3).

63.     Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA are/were solely responsible for the information reflected in said Felony Complaint and NYSID printout.

64.     Prior to RAHEEM'S arrest, RAHEEM's alleged co-defendant Naquarn Hughlett ("HUGHLETT") was detained and interrogated by employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA and specifically questioned about RAHEEM's alleged involvement in the crime.

65.     During HUGHLETT'S detention and interrogation, HUGHLETT repeatedly asserted to agents and/or employees of defendants COUNTY, DEPARTMENT , COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF,

12

CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA that RAHEEM had no involvement in and was not present during the commission of the crime(s) charged.

66. Despite HUGHLETT'S repeated assertions that RAHEEM had no involvement in and was not present during the commission of the crime(s) charged, unidentified agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA refused to investigate, preserve or provide to RAHEEM's defense counsel any such exculpatory information in violation of *Brady v. Maryland*, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.[1]

67. Despite HUGHLETT'S repeated assertions that RAHEEM had no involvement in and was not present during the commission of the crime(s) charged, unidentified agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA refused to investigate, preserve or provide to the court any such exculpatory information in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

68. Defendants COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA knew that HUGHLETT had repeatedly asserted to agents and/or employees of said defendants that RAHEEM had no involvement in and was not present during the commission of the crime(s) charged and that the actual date of the incident in question was in fact March 26, 2005 and not April 26, 2005 as alleged in the Felony Complaint filed with the court. However, this exculpatory information was not provided to RAHEEM's counsel in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

13

69.     Defendants COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA knew that HUGHLETT had repeatedly asserted to agents and/or employees of said defendants that RAHEEM had no involvement in and was not present during the commission of the crime(s) charged and that the actual date of the incident in question was in fact March 26, 2005 and not April 26, 2005 as alleged in the Felony Complaint filed with the court. However, this exculpatory information was not provided to the court in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

70.     Throughout HUGHLETT'S arrest and prosecution, unidentified agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA refused to allow HUGHLETT to plea bargain his criminal charge unless HUGHLETT agreed to implicate RAHEEM in the commission of the crime(s) charged.

71.     HUGHLETT refused to give any such false statement.

72.     On or about June 9, 2005 during a conference with A.D.A. HIGGINS, RAHEEM's defense counsel inquired as to the specific facts of the criminal charges filed against RAHEEM as specified in the COMPLAINT by agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA.

73.     A.D.A. HIGGINS is a senior PROSECUTOR AND/OR SUPERVISOR personally selected for employment by defendant DA and employed by defendants COUNTY, DA'S OFFICE and DA, while under the direct supervision of defendant DA had the ability to influence final government policy and was assigned by defendant DA to investigate and prosecute RAHEEM'S criminal case.

74.     As a senior employee and/or agent of defendants COUNTY, DA'S OFFICE and DA, A.D.A. HIGGINS had the ability to determine the final disposition of all cases assigned.

75.     On or about June 9, 2005 during said conference A.D.A. HIGGINS informed RAHEEM's defense counsel that RAHEEM, acting in concert with alleged co-defendants HUGHLETT, Lorenzo Miller ("MILLER") and a third co-defendant had robbed the victim at knifepoint on April 26, 2005 at approximately 6:40PM.

14

76.    On or about June 9, 2005 during said conference, A.D.A. HIGGINS informed RAHEEM's defense counsel that a knife had been recovered from RAHEEM following the crime.

77.    On or about June 9, 2005 during said conference A.D.A. HIGGINS informed RAHEEM's defense counsel that MILLER had been arrested on or about May 31, 2005 and that a fourth defendant named "Jamel Baldwin" also had been implicated in the crime but had not yet been arrested.

78.    A.D.A. HIGGINS and all PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY, DA'S OFFICE and DA were personally selected for employment by Defendant DA and selectively screened, employed, trained and supervised by defendants COUNTY, DA'S OFFICE and DA for numerous tasks relating to their law enforcement duties including but not limited to the initiation, supervision and compliance of investigations, identification, arrest, detention, interrogation, witness preparation, Grand Jury presentation, pre-trial hearings, trial preparation and other tasks relating to the investigation, prosecution and conviction of individuals.

79.    Acting in a non-judicial and investigatory function, A.D.A. HIGGINS and all PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY, DA'S OFFICE and DA routinely initiate and supervise investigations during which they control and direct the actions of OFFICERS AND/OR DETECTIVES and other agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA.

80.    Acting in a non-judicial and investigatory function, A.D.A. HIGGINS and/or other PROSECUTORS AND/OR SUPERVISORS were involved in the supervision of key aspects of investigations relating to the crime for which RAHEEM was charged, during which time A.D.A. HIGGINS and/or other PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY, DA'S OFFICE and DA acting in a non-judicial and investigatory function controlled and directed the actions of defendant OFFICERS AND/OR DETECTIVES and other agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA.

81.    At no time during said conference on June 9, 2005 did A.D.A. HIGGINS inform the court that the crime date for which RAHEEM had been arrested, charged, arraigned and imprisoned was any date other than April 26, 2005.

82.    At no time during said conference on June 9, 2005 did A.D.A. HIGGINS inform RAHEEM'S counsel that the crime date for which RAHEEM had been arrested, charged, arraigned and imprisoned was any date other than April 26, 2005.

15

83.     Prior to June 9, 2005, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE , DA and A.D.A. HIGGINS and other agents and/or employees of said defendants knew that the actual crime date was in fact March 26, 2005 and not April 26, 2005 and that RAHEEM had no involvement with the crime in question but failed to inform the court of these exculpatory facts in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

84.     Prior to June 9, 2005, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE , DA and A.D.A. HIGGINS and other agents and/or employees of said defendants knew that the actual crime date was in fact March 26, 2005 and not April 26, 2005 and that RAHEEM had no involvement with the crime in question but failed to inform RAHEEM'S counsel of these exculpatory facts in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

85.     Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE, DA and A.D.A. HIGGINS and/or other PROSECUTORS AND/OR SUPERVISORS, OFFICERS AND/OR DETECTIVES and other agents and/or employees of said defendants thereby intentionally, maliciously and/or recklessly misled the court, violated RAHEEM'S right to due process and attempted to deny RAHEEM his lawful right to legal assistance in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

86.     Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE, DA and A.D.A. HIGGINS and/or other

16

PROSECUTORS AND/OR SUPERVISORS, OFFICERS AND/OR DETECTIVES and other agents and/or employees of said defendants thereby intentionally, maliciously and/or recklessly misled RAHEEM'S defense counsel in an attempt to prevent counsel from adequately preparing a defense for RAHEEM, thereby violating RAHEEM'S right to due process and attempting to deny RAHEEM his lawful right to legal assistance in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

87. Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, and DA knew or should have known that said agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA were intentionally, maliciously and/or recklessly misleading the court in an attempt to prevent counsel from adequately preparing a defense for RAHEEM, thereby violating RAHEEM'S right to due process and attempting to deny RAHEEM his lawful right to legal assistance in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however they failed to take any action to prevent or remedy said unlawful conduct.

88. Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, and DA knew or should have known that said agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA were intentionally, maliciously and/or recklessly misleading RAHEEM'S defense counsel in an attempt to prevent counsel from adequately preparing a defense for RAHEEM, thereby violating RAHEEM'S right to due process and attempting to deny RAHEEM his lawful right to legal assistance in violation of *Brady v. Maryland*

17

and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however they failed to take any action to prevent or remedy said unlawful conduct.

89.    Following RAHEEM'S arrest, RAHEEM's alleged co-defendant Lorenzo Miller ("MILLER") was detained and interrogated by employees and/or agents of Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA and specifically questioned about RAHEEM's involvement in the crime.

90.    During MILLER'S detention and interrogation, MILLER repeatedly asserted to employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA that RAHEEM had no involvement in and was not present during the commission of the crime(s) charged.

91.    Despite MILLER'S repeated assertions that RAHEEM had no involvement in and was not present during the commission of the crime(s) charged, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA refused to investigate, preserve or provide to the court any such exculpatory information in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

92.    Despite MILLER'S repeated assertions that RAHEEM had no involvement in and was not present during the commission of the crime(s) charged, Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA refused to investigate, preserve or provide to RAHEEM's defense counsel any such exculpatory information in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

18

93.     Subsequent to MILLER'S retention of counsel and throughout MILLER'S prosecution, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA refused to allow MILLER to plea bargain his criminal charge unless MILLER agreed to implicate RAHEEM in the commission of the crime(s) charged.

94.     MILLER refused to give any such statement.

95.     Defendants COUNTY, DEPARTMENT, DA'S OFFICE, DA and A.D.A. HIGGINS were aware of the fact that MILLER had repeatedly asserted to agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA that RAHEEM had no involvement in and was not present during the commission of the crime(s) charged.  However, this exculpatory information was not provided to the court in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

96.     Defendants COUNTY, DEPARTMENT, DA'S OFFICE, DA and A.D.A. HIGGINS were aware of the fact that co-defendant MILLER had repeatedly asserted to agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA that RAHEEM had no involvement in and was not present during the commission of the crime(s) charged.  However, this exculpatory information was not provided to RAHEEM's counsel in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

97.     Prior to said conference with defense counsel on June 9, 2005, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, A.D.A. LAMPERT, DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA, JOHN AND JANE DOES 1-60, DA'S OFFICE, DA and A.D.A. HIGGINS knew that the actual date of the alleged crime was March 26, 2005 and not April 26, 2005 as falsely represented

19

by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE, DA and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA'S OFFICE in the Felony Complaint filed with the court. However, this exculpatory information was not provided to the court in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

98.   Prior to said conference with defense counsel on June 9, 2005, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and A.D.A. LAMPERT knew that the actual date of the alleged crime was March 26, 2005 and not April 26, 2005 as falsely represented by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA'S OFFICE in the Felony Complaint filed with the court. However, this exculpatory information was not provided to RAHEEM's counsel in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

99.   By filing and maintaining said false and erroneous Felony Complaint with the court while knowing or having reason to know that the actual date of the alleged crime was March 26, 2005 and not April 26, 2005 as represented by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA, A.D.A. LAMPERT and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT and DA'S OFFICE defendants DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, A.D.A. LAMPERT and A.D.A. HIGGINS committed perjury in violation of various sections of the Penal Law of the state of New York and contrary to well established ethical and professional standards relating to their employment in law enforcement.

20

100. Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, SHERIFF and DA'S OFFICE thereby suborned, aided and abetted in the commission of said criminal perjury and intentionally, maliciously and/or recklessly assisted in the prosecution of an innocent person in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

101. These intentional, malicious and/or reckless actions were specifically designed to prevent RAHEEM and RAHEEM's defense counsel from preparing an adequate defense and to secure an unjust and unlawful prosecution and conviction in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

102. Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF and DA knew or should have known that that their agents and/or employees were intentionally, maliciously and/or recklessly committing perjury and intentionally, maliciously and/or recklessly assisting in the prosecution of an innocent person in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however they failed to take any action to prevent or deter said unlawful conduct.

103. Prior to RAHEEM's unlawful arrest and prosecution, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, JOHN AND JANE DOES 1-60, DA'S OFFICE, DA and their respective agents and/or employees created and/or tolerated a long standing policy or custom of deliberate indifference to the civil rights of minorities evidenced by the fact that they have repeatedly failed to adequately discipline their respective agents and/or employees for perjury and/or for assisting in the prosecution of innocent persons

21

and have failed to adequately train and supervise their respective agents and/or employees to assure that they are truthful and do not allow, condone or assist in the prosecution of innocent persons in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

104.    Prior to RAHEEM's unlawful arrest and prosecution, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, JOHN AND JANE DOES 1-60, DA'S OFFICE, DA and their respective agents and/or employees had numerous state and federal civil rights suits filed against them for said long standing policy and custom of deliberate indifference; for their repeated failure to adequately discipline their respective agents/employees for perjury and/or for assisting in the prosecution of innocent persons; and their repeated failure to adequately train and supervise their respective agents/employees to assure that they are truthful and do not allow, condone or assist in the prosecution of innocent persons in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

105.    Prior to RAHEEM's unlawful arrest and prosecution, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, JOHN AND JANE DOES 1-60, DA'S OFFICE, DA and their respective agents/employees settled numerous civil rights lawsuits arising from their long standing policy and custom of deliberate indifference; for their repeated failure to adequately discipline their respective agents/employees for perjury and/or for assisting in the prosecution of innocent persons; and their repeated failure to adequately train and supervise their respective agents/employees to assure that they are truthful and do not allow, condone or assist in the prosecution of innocent persons.

106.    Prior to RAHEEM's unlawful arrest and prosecution defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, JOHN AND JANE DOES 1-60, DA'S OFFICE and DA knew to a moral certainty that their agents and/or employees would confront situations (such as the instant case) where being untruthful would result in unlawfully depriving individuals of their civil liberties and violate rights, privileges and

22

immunities guaranteed by the U.S. Constitution in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however they failed to adequately train and supervise their respective agents/employees to assure that they are truthful and do not allow, condone or assist in the prosecution of innocent persons.

107. Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, JOHN AND JANE DOES 1-60, DA'S OFFICE and DA knew or had reason to know that their agents and/or employees had a history of being untruthful and unlawfully depriving individuals of their civil liberties and violating rights, privileges and immunities guaranteed by the U.S. Constitution in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however they failed to adequately train and supervise their respective agents/employees to assure that would be truthful and did not allow, condone or assist in the prosecution of innocent persons.

108. Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, JOHN AND JANE DOES 1-60, DA'S OFFICE and DA knew or should have known that the wrong choice by their agents and/or employees with regard to being truthful would result in unlawfully depriving individuals of their civil liberties and violate rights, privileges and immunities guaranteed by the U.S. Constitution in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however they failed to adequately train and supervise their respective agents/employees to assure that they would be truthful and would not allow, condone or assist in the prosecution of innocent persons.

109. On or about June 9, 2005 during said conference with A.D.A. HIGGINS, RAHEEM's defense counsel informed A.D.A. HIGGINS that following a conference with RAHEEM'S family, counsel had learned that on April 26, 2005 from approximately 4PM until 10PM (the date and time defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET.,

INSP., DET. LT., DA'S OFFICE, DA and A.D.A. HIGGINS had represented and continued to maintain to both the court and to RAHEEM's counsel the alleged crime had occurred), RAHEEM was at the home of his fiancée for a family gathering, and that both RAHEEM's FIANCEE and her mother were with RAHEEM at that date and time.

110. On or about June 9, 2005 during said conference with A.D.A. HIGGINS, RAHEEM's counsel provided A.D.A. HIGGINS with the name, address and telephone numbers of both RAHEEM's FIANCEE and her mother and was assured that acting in a non-judicial and investigatory function, A.D.A. HIGGINS would conduct and supervise an investigation to confirm this April 26, 2005 alibi information as soon as possible.

111. On or about June 28, 2005 RAHEEM's counsel was informed by A.D.A. HIGGINS that under the direction and supervision of defendants DA'S OFFICE, DA and A.D.A. HIGGINS, agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA were actively in the process of investigating the previously supplied April 26, 2005 alibi information and that currently no plea offer or further information was available for defense counsel.

112. On or about June 28, 2005, during said conference A.D.A. HIGGINS advised RAHEEM's counsel that based on a further investigation conducted under the direction and supervision of defendants DA'S OFFICE, DA and A.D.A. HIGGINS, and in conjunction with other agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA, the original assertion by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and A.D.A. HIGGINS that RAHEEM possessed a knife during the commission of the crime on April 26, 2005 was erroneous.

113. A.D.A. HIGGINS then advised RAHEEM's counsel that the previously arrested HUGHLETT (and not RAHEEM as originally claimed) had possessed a knife during the commission of the crime and that the original assertion by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and A.D.A. HIGGINS that a fourth defendant named "Jamel Baldwin" had been implicated in the crime was also erroneous.

114. On or about July 13, 2005 during a conference with A.D.A. MADEY, RAHEEM's counsel inquired if any decision had been made regarding the April 26, 2005 alibi information previously

24

provided to the DA's Office.  Counsel was informed by A.D.A. MADEY that A.D.A. HIGGINS was on vacation and therefore unavailable and that there was "no offer or further information at this time."

115.   A.D.A. MADEY is a senior PROSECUTOR AND/OR SUPERVISOR personally selected for employment by defendant DA, employed by Defendants COUNTY, DA'S OFFICE and DA, under the direct supervision of defendant DA, with the ability to influence final government policy and was assigned by defendant DA to investigate and prosecute RAHEEM'S criminal case.

116.   As a senior employee and/or agent of defendants COUNTY, DA'S OFFICE and DA A.D.A. MADEY had the ability to determine the final disposition of all cases assigned.

117.   A.D.A. MADEY and all PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY, DA'S OFFICE and DA were selectively screened, employed, trained and supervised by defendants COUNTY, DEPARTMENT, DA'S OFFICE and DA for numerous tasks relating to their law enforcement duties including but not limited to the initiation, supervision and compliance of investigations, identification, arrest, detention, interrogation, witness preparation, Grand Jury presentation, pre-trial hearings, trial preparation and other tasks relating to the investigation, prosecution and conviction of individuals.

118.   Acting in a non-judicial and investigatory function, A.D.A. MADEY and all PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY, DA'S OFFICE and DA routinely initiate and supervise investigations during which they control and direct the actions of OFFICERS AND/OR DETECTIVES and other employees and/or agents of defendants COUNTY and/or DEPARTMENT and/or COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA.

119.   On or about July 15, 2005 under the direction and supervision of defendants COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and A.D.A. HIGGINS, employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA interviewed and took statements from RAHEEM's FIANCEE and her mother at their home, thereby confirming RAHEEM'S whereabouts on April 26, 2005.

120.   During said interview on or about July 15, 2005 defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA confirmed the fact that on April 26, 2005 from approximately 5PM to 10PM (at the date and time

defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA represented and continued to maintain to both the court and to RAHEEM's counsel the crime had occurred), RAHEEM was with RAHEEM's FIANCEE and her mother at their home for a family gathering.

121.    On or about July 26, 2005 having received no plea offer or any further information from defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA or A.D.A. HIGGINS or A.D.A. MADEY, RAHEEM's counsel waived RAHEEM's criminal case to the Nassau County Grand Jury.

122.    Despite repeated requests for information, from June 28, 2005 to August 15, 2005 defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA refused to provide exculpatory information in their possession to the court in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

123.    Despite repeated requests for information, from June 28, 2005 to August 15, 2005 defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA refused to provide exculpatory information in their possession to RAHEEM's counsel in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

124.    On or about August 15, 2005 RAHEEM's counsel was informed by A.D.A. HIGGINS that defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and A.D.A. HIGGINS had completed their investigation regarding the April 26, 2005 alibi information previously provided by counsel but that "it no longer mattered" due to the fact that the crime date listed on the Felony Complaint prepared by and for defendants COUNTY,

26

DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA and filed with the court "was wrong" and that the actual crime date was in fact March 26, 2005.

125.     On or about August 15, 2005 RAHEEM's counsel requested that defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and A.D.A. HIGGINS provide both the court and counsel with amended documentation reflecting this "new" crime date of March 26, 2005 and was informed by A.D.A. HIGGINS that no such paperwork would be provided by defendants COUNTY, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and A.D.A. HIGGINS in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

126.     Prior to August 15, 2005 defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and A.D.A. HIGGINS knew that the actual crime date was in fact March 26, 2005 and not April 26, 2005 as stated in the Felony Complaint upon which RAHEEM was arraigned on May 28, 2005 and which was filed with the court but failed to notify the court in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

127.     Prior to August 15, 2005 defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and A.D.A. HIGGINS knew that the actual crime date was in fact March 26, 2005 and not April 26, 2005 as stated in the Felony Complaint upon which RAHEEM was arraigned on May 28, 2005 and which was filed with the court but failed to notify RAHEEM's counsel in violation of *Brady v. Maryland* and in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth

27

28

Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

128. On or about August 15, 2005 RAHEEM's counsel contacted RAHEEM'S family to determine his whereabouts on March 26, 2005.

129. On or about August 17, 2005 RAHEEM's counsel received a fax from the Chief of the Felony Screening Bureau for defendants COUNTY, DA'S OFFICE and DA ("A.D.A. McCARTHY") stating that the matter would be presented to the Nassau County Grand Jury on August 24, 2005 by defendants COUNTY, DA'S OFFICE and DA. (See Exhibit 4).

130. A.D.A. McCARTHY is a senior PROSECUTOR AND/OR SUPERVISOR personally selected by defendant DA, employed by Defendants COUNTY, DA'S OFFICE and DA, under the direct supervision of defendant DA and with the ability to influence final government policy and direct access to defendant DA.

131. As Chief of the Felony Screening Bureau for defendants COUNTY, DA'S OFFICE and DA, A.D.A. McCARTHY and all PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY, DA'S OFFICE and DA were selectively screened, employed, trained and supervised by defendants COUNTY and/or DEPARTMENT and/or DA'S OFFICE and DA for numerous tasks relating to their law enforcement duties including but not limited to the initiation, supervision and compliance of investigations, identification, arrest, detention, interrogation, witness preparation, Grand Jury presentation, pre-trial hearings, trial preparation and other tasks relating to the investigation, prosecution and conviction of individuals.

132. Acting in a non-judicial and investigatory function A.D.A. McCARTHY and all PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY, DA'S OFFICE and DA routinely initiate and supervise investigations during which they control and direct the actions of OFFICERS AND/OR DETECTIVES and other employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA.

133. Acting in a non-judicial and investigatory function A.D.A. McCARTHY was involved in the supervision of key aspects of investigations relating to the crime for which RAHEEM was charged, during which time A.D.A. McCARTHY and/or other PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY, DA'S OFFICE and DA acting in a non-judicial and investigatory function controlled and directed the actions of Defendant OFFICERS AND/OR DETECTIVES and other employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST

28

DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA.

134. On or about August 17, 2005 RAHEEM's FIANCEE informed RAHEEM's counsel that RAHEEM could not possibly have committed the alleged crime on March 26, 2005 due to the fact that RAHEEM had been under the custody and control of defendants COUNTY, DEPARTMENT, SHERIFF and JOHN AND JANE DOES 31-45 while detained at the Nassau County Correctional Facility from approximately March 20, 2005 until March 31, 2005 due to a clerical error. RAHEEM's counsel then asked RAHEEM's FIANCEE to attempt to confirm the exact dates and contact counsel's office immediately.

135. On or about August 17, 2005 (via A.D.A. HIGGINS), RAHEEM's counsel informed defendants COUNTY, DA'S OFFICE and DA that RAHEEM could not possibly have committed the alleged crime on March 26, 2005 due to the fact that RAHEEM had been under the custody and control of defendants COUNTY, DEPARTMENT, SHERIFF and JOHN AND JANE DOES 31-45 while detained at the Nassau County Correctional Facility from approximately March 20, 2005 until March 31, 2005 due to a clerical error, that RAHEEM's FIANCEE was in the process of attempting to find documentary evidence to this effect and that defendants should also confirm this information.

136. In response to said communication, on or about August 18, 2005 RAHEEM's counsel received a fax from the Chief of the Indictment Bureau for Defendants COUNTY, DA'S OFFICE and DA ("A.D.A. McCARTHY") instructing RAHEEM's counsel to disregard the previously sent correspondence dated August 17, 2005. (See Exhibit 5).

137. As previously alleged, A.D.A. McCARTHY is a senior PROSECUTOR AND/OR SUPERVISOR personally selected by defendant DA, employed by Defendants COUNTY, DA'S OFFICE and DA, under the direct supervision of defendant DA and with the ability to influence final government policy and direct access to defendant DA.

138. As Chief of the Indictment Bureau for defendants COUNTY, DA'S OFFICE and DA, A.D.A. McCARTHY and all PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY and DA were selectively screened, employed, trained and supervised by defendants COUNTY and/or DEPARTMENT and/or DA'S OFFICE and DA for numerous tasks relating to their law enforcement duties including but not limited to the supervision and compliance of investigation, identification, arrest, detention, interrogation, witness preparation, Grand Jury presentation, pre-trial hearings, trial preparation and other tasks relating to the prosecution and conviction of individuals.

139. A.D.A. McCARTHY and all PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY, DA'S OFFICE and DA routinely supervise investigations during which they control and direct the actions of defendant OFFICERS AND/OR DETECTIVES and other employees

29

and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA.

140.     Acting in a non-judicial and investigatory function A.D.A. McCARTHY was involved in the supervision of investigations and/or presentations relating to the crime for which RAHEEM was charged, during which time A.D.A. McCARTHY and/or other PROSECUTORS AND/OR SUPERVISORS employed by defendants COUNTY, DA'S OFFICE and DA controlled and directed the actions of defendant OFFICERS AND/OR DETECTIVES and other employees and/or agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA.

141.     On or about August 23, 2005 RAHEEM's counsel received a fax from A.D.A. McCARTHY on behalf of defendants COUNTY, DA'S OFFICE and DA stating that the matter would be presented to a Nassau County Grand Jury on August 31, 2005 by Defendants DA'S OFFICE and DA. (See Exhibit 6).

142.     On or about September 8, 2005 RAHEEM's counsel was informed by the Nassau County Clerk's Office that RAHEEM had been indicted by a Nassau County Grand Jury following presentation and testimony by agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA. Counsel was then asked to select a date to arraign RAHEEM on the Indictment.

143.     On or about September 8, 2005 RAHEEM's counsel attempted to have RAHEEM's arraignment scheduled for September 12, 2005 but was informed by the Clerk that the week of September 12, 2005 through September 16, 2005 was "unavailable". Therefore RAHEEM's counsel selected the next available date, September 22, 2005.

144.     On or about September 8, 2005 RAHEEM's counsel requested a copy of the Indictment from the Nassau County Clerk and was informed that the Clerk did not have the authority to send any such copy to counsel and that counsel should request a copy of said Indictment from the District Attorney's Office.

145.     The Nassau County Clerk is an employee and/or agent of defendant COUNTY.

146.     On or about September 12, 2005 RAHEEM's counsel spoke with defendant A.D.A. HIGGINS, informed A.D.A. HIGGINS of the arraignment date and requested a faxed copy of the Indictment. Despite the fact that A.D.A. HIGGINS agreed to fax a copy of the Indictment to RAHEEM'S counsel, no such copy was ever received.

30

147. Said Indictment resulted from the intentional, malicious and/or reckless actions of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA, JOHN AND JANE DOES 1-60, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. MADEY and A.D.A. McCARTHY who acting in a non-judicial function, intentionally and/or maliciously and/or recklessly provided the Nassau County Grand Jury with erroneous, misleading and/or false evidence and/or testimony in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities ᵥ guaranteed under the constitution and laws of the state of New York.[2]

148. Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA, JOHN AND JANE DOES 1-60, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. MADEY and A.D.A. McCARTHY knew or should have known that they were intentionally and/or maliciously and/or recklessly providing the Nassau County Grand Jury with erroneous, misleading and/or false evidence and/or testimony in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

149. Despite the fact that defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA, JOHN AND JANE DOES 1-60, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. MADEY and A.D.A. McCARTHY knew or should have known that they were intentionally and/or maliciously and/or recklessly providing the Nassau County Grand Jury with erroneous, misleading and/or false evidence and/or testimony in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in

---

[2] *See;* United States v. Hogan, 712 F.2d 757 (2d Cir. 1983).

31

law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York, they failed to take any action to prevent or remedy said unlawful conduct.

150.    On or about September 22, 2005 and prior to RAHEEM's scheduled arraignment, RAHEEM's counsel was informed by A.D.A. MADEY that A.D.A. HIGGINS was no longer handling the case.  When questioned by counsel as to why this matter had been presented to the Nassau County Grand Jury notwithstanding the alibi information previously provided to defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and A.D.A. HIGGINS, A.D.A. MADEY indicated that following consultation with defendant DA, the decision to present the case to the Grand Jury had been made by defendant DA and other senior members of defendants COUNTY, DEPARTMENT, DA and DA'S OFFICE with final policy making ability.

151.    It is well known within the minority community that defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA have created and/or tolerated a long standing policy or custom of deliberate indifference to the civil rights of minorities, often abusing the considerable power of the Grand Jury by providing false and/or misleading information and/or testimony to secure unjust and unlawful prosecutions which serve to deprive individuals of their civil liberties and assist in covering up the misdeeds of agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and SHERIFF in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants have repeatedly failed to adequately train and supervise their respective agents/employees to assure that they would not promote or condone perjury and/or assist in the prosecution of innocent persons.

152.    It is well known within the minority community that defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET.

32

LT., SHERIFF, DA'S OFFICE, DA and their agents and/or employees have had numerous state and federal civil rights suits filed against them for said long standing policy and custom of being deliberately indifferent to the civil rights of minorities, often abusing the considerable power of the Grand Jury by providing false and/or misleading information and/or testimony to secure unjust and unlawful prosecutions which serve to deprive individuals of their civil liberties and assist in covering up the misdeeds of agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and SHERIFF in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however said defendants have repeatedly failed to adequately train and supervise their respective agents/employees to assure that they would not promote or condone perjury and/or assist in the prosecution of innocent persons.

153.    It is well known that defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF DA'S OFFICE and DA have settled numerous civil rights lawsuits arising from their long standing policy and custom of being deliberately indifferent to the civil rights of minorities, often abusing the considerable power of the Grand Jury by providing false and/or misleading information and/or testimony to secure unjust and unlawful prosecutions which serve to deprive individuals of their civil liberties and assist in covering up the misdeeds of agents and/or employees of Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and SHERIFF in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants have repeatedly failed to adequately train and supervise their respective agents/employees to assure that they would not promote or condone perjury and/or assist in the prosecution of innocent persons.

154.    Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET.,

33

DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA knew to a moral certainty that their agents and/or employees would confront situations such as the instant case where abusing the considerable power of the Grand Jury and providing false and/or misleading information and/or testimony would result in unlawfully depriving individuals of their civil liberties and facilitate covering up the misdeeds of agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE, DA and SHERIFF in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants have repeatedly failed to adequately train and supervise their respective agents/employees to assure that they would not abuse the power of the Grand Jury, promote or condone perjury and/or assist in the prosecution of innocent persons.

155.    Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA knew that their agents and/or employees have a history of abusing the considerable power of the Grand Jury and providing false and/or misleading information and/or testimony in a manner that has unlawfully deprived individuals of their civil liberties and facilitated covering up the misdeeds of agents and/or employees of defendants COUNTY, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and SHERIFF in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants have repeatedly failed to adequately train and supervise their respective agents/employees to assure that they would not abuse the power of the Grand Jury, promote or condone perjury and/or assist in the prosecution of innocent persons.

156.    Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA knew that the wrong choice by their agents and/or employees to abuse the considerable power of the Grand Jury and provide false and/or misleading information and/or testimony would frequently cause the unlawful deprivation of individual civil liberties

34

and facilitate covering up the misdeeds of agents and/or employees of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and SHERIFF in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants have repeatedly failed to adequately train and supervise their respective agents/employees to assure that they would not abuse the power of the Grand Jury, promote or condone perjury and/or assist in the prosecution of innocent persons.

157. On or about September 22, 2005, RAHEEM was arraigned on the unlawfully obtained Indictment on one count of Robbery in the Second Degree and one count of Robbery in the Third Degree by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

158. On or about September 22, 2005, RAHEEM's unlawfully excessive bail of $150,000.00 was continued at the specific request of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

159. On or about September 22, 2005, upon RAHEEM's arraignment on said Indictment, a copy of the Indictment bearing a crime date of March 26, 2005 and the signature of defendant DA on behalf of defendants COUNTY, DEPARTMENT and DA'S OFFICE was given to RAHEEM's counsel. (See Exhibit 7).

160. On or about September 22, 2005, upon RAHEEM's arraignment A.D.A. MADEY provided RAHEEM's counsel with Voluntary Disclosure Forms (VDFs) bearing a copy of the Felony Complaint upon which RAHEEM was arrested, arraigned and detained. (See Exhibit 8).

35

161.    Despite numerous requests for information material and crucial to the adequate defense of RAHEEM'S criminal matter, prior to September 22, 2005, no paperwork charging RAHEEM and bearing the crime date of March 26, 2005 was provided to the court by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA in violation of *Brady v. Maryland,* applicable federal and state laws. well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

162.    Despite numerous requests for information material and crucial to the adequate defense of RAHEEM'S criminal matter, prior to September 22, 2005, no paperwork charging RAHEEM and bearing the date of March 26, 2005 was provided to RAHEEM's counsel by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA in violation of *Brady v. Maryland,* applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

163.    On or about September 22, 2005 following RAHEEM's Indictment, counsel requested a brief adjournment, took said paperwork provided by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA to the Nassau County Clerk's Office and requested documentation confirming that RAHEEM had been under the custody and control of defendants COUNTY, DEPARTMENT, SHERIFF and JOHN AND JANE DOES 31-45 on or about March 26, 2005. Counsel was informed by the Clerk that all such records regarding RAHEEM were sealed and that a notarized affidavit from RAHEEM was required for any such information.

164.    On or about September 24, 2005 at the Nassau County Jail, counsel obtained a release from RAHEEM for said records. (See Exhibit 9).

165.    On or about September 26, 2005 counsel returned to the Nassau County Clerk's Office and presented the release obtained from RAHEEM. The Clerk then informed counsel that in order to confirm that RAHEEM had been under the custody and control of defendants COUNTY,

36

DEPARTMENT, SHERIFF and JOHN AND JANE DOES 31-45 on or about March 26, 2005, counsel should obtain records maintained by the Nassau County Sheriff.

166.    On or about September 26, 2005 at the Nassau County Jail, counsel was informed by defendants COUNTY, DEPARTMENT, SHERIFF and JOHN AND JANE DOES 31-45 that said records could not be obtained at that time due to the fact that the records department was "closed".

167.    On or about September 27, 2005 at the insistence of RAHEEM's counsel, pre-trial hearings were scheduled by the court for October 17, 2005. (See Exhibit 10).

168.    On or about September 27, 2005 at the Nassau County Jail, RAHEEM's counsel obtained copies of records maintained by defendants COUNTY, DEPARTMENT, SHERIFF and JOHN AND JANE DOES 31-45 confirming that RAHEEM had been under the custody and control of defendants COUNTY, DEPARTMENT, SHERIFF and JOHN AND JANE DOES 31-45 and detained at the Nassau County Correctional Facility from March 24, 2005 until March 31, 2005 due to a clerical error. (See Exhibit 11).

169.    On or about September 28, 2005 RAHEEM's counsel returned to and served upon the court certified records bearing the seal of the Nassau County Sheriff's Department proving that RAHEEM could not factually or legally have committed any such act on March 26, 2005 because RAHEEM had been under the custody and control of defendants COUNTY, DEPARTMENT, SHERIFF and JOHN AND JANE DOES 31-45 and detained at the Nassau County Correctional Facility from March 24, 2005 until March 31, 2005 due to a clerical error. (See Exhibit 12).

170.    Prior to September 28, 2005, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE, DA and A.D.A. HIGGINS and other employees of defendants COUNTY, SHERIFF , DEPARTMENT, DA'S OFFICE and DA knew that RAHEEM could not have committed any crime on March 26, 2005 due to the fact that RAHEEM was under the custody and control of defendants COUNTY, SHERIFF, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA while detained at the Nassau County Correctional Facility from March 24, 2005 until March 31, 2005 but failed to notify the court of such facts in violation of *Brady v. Maryland,* applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

37

171.    Prior to September 28, 2005 defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE, DA and A.D.A. HIGGINS and other employees of defendants COUNTY, SHERIFF, DEPARTMENT, DA'S OFFICE and DA knew that RAHEEM could not have committed any crime on March 26, 2005 due to the fact that RAHEEM was under the custody and control of defendants COUNTY, SHERIFF, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA while detained at the Nassau County Correctional Facility from March 24, 2005 until March 31, 2005 but failed to notify RAHEEM'S counsel of such facts in violation of *Brady v. Maryland,* applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

172.    On or about September 28, 2005 and after serving the court said certified records, RAHEEM's counsel requested an immediate bail hearing which was granted by the court. However, despite repeated attempts by the law secretary for Nassau County Court Judge Calabrese to have a representative from defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE or DA present, no representative of said defendants appeared in response to the court's repeated telephone calls.

173.    Said actions further confirm the fact that all defendants complained of herein have created and/or tolerated a long standing policy or custom of deliberate indifference to the civil rights of minorities in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

174.    On or about September 29, 2005 the court held a bail hearing at which time RAHEEM's counsel served upon defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 a Notice of Alibi for RAHEEM's whereabouts on March 26, 2005. (See Exhibit 13).

175.    On or about September 29, 2005 after being unlawfully detained in the Nassau County Correctional Facility for more than 125 days due to the unlawful, intentional, malicious and/or reckless actions of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 the court exonerated RAHEEM's bail of $150,000.00 and released him on his own recognizance.

176.    On or about September 29, 2005, despite being provided irrefutable proof that RAHEEM could not have factually or legally committed the crimes charged on either March 26, 2005 or April 26, 2005, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 refused to dismiss RAHEEM'S unlawfully obtained indictment and requested an adjournment to October 5, 2006.

177.    Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 thereby continued RAHEEM's unlawful and malicious prosecution in an attempt to cover up their prior unlawful actions in violation of *Brady v. Maryland*, applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

178.    On or about October 5, 2005 A.D.A. MADEY informed the court and RAHEEM's counsel that defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 required further

39

time to "investigate" the matter and that A.D.A. MADEY was "not authorized" to dispose of the case "at this time."

179.    Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 then adjourned the matter to October 17, 2005, thus continuing RAHEEM's unlawful and malicious prosecution in an attempt to cover up their prior unlawful actions in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

180.    On or about October 5, 2005, when questioned by RAHEEM's counsel as to why defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 were continuing the unlawful and malicious prosecution of RAHEEM despite irrefutable proof that RAHEEM could not have factually committed the crimes charged, A.D.A. MADEY informed counsel that all decisions regarding the case had been made at the highest level and that due to the fact that defendant DA had been directly and personally involved in all decisions regarding RAHEEM's criminal matter, A.D.A MADEY had no discretion as to the disposition of RAHEEM'S case.

181.    Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 thereby continued RAHEEM's unlawful and malicious prosecution in an attempt to prevent the discovery of their unlawful actions and in an attempt to insulate each other from liability in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth,

40

Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

182.    As previously alleged, prior to RAHEEM's unlawful arrest and prosecution, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE, DA and their respective agents/employees created and/or tolerated a long standing policy or custom of deliberate indifference to the civil rights of minorities which unlawfully deprives individuals of their civil liberties and then condones or otherwise does not effectively prevent attempts by their agents/employees to cover up their misdeeds in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants have repeatedly failed to adequately prevent and/or remedy such violations notwithstanding their knowledge of said unlawful activities.

183.    As previously alleged, prior to RAHEEM's unlawful arrest and prosecution defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE, DA and their respective agents/employees have had numerous state and federal civil rights suits filed against them for said long standing policy or custom of deliberate indifference which results in unlawfully depriving individuals of their civil liberties and then condoning or otherwise not effectively preventing attempts by their agents/employees to cover up their misdeeds in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants have repeatedly failed to adequately prevent and/or remedy such violations notwithstanding their knowledge of said unlawful activities.

184.    Said policy of deliberate indifference created and tolerated by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA is further evidenced by the fact that defendant DA has openly and aggressively pursued a high conviction rate at the expense of individual civil liberties, often citing the cooperation received by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY

41

COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT. and SHERIFF to achieve this deliberately indifferent goal. (See Exhibit 14).

185. As previously alleged, prior to RAHEEM's unlawful arrest and prosecution defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE, DA and their respective agents/employees have settled numerous civil rights lawsuits arising from their long standing policy or custom of unlawfully depriving individuals of their civil liberties and then condoning or otherwise not effectively preventing attempts by their agents/employees to cover up their misdeeds in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however Defendants have repeatedly failed to adequately prevent and/or remedy such violations notwithstanding their knowledge of said unlawful activities.

186. Based on numerous prior actions filed against them, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA knew to a moral certainty that their agents and/or employees would confront situations (such as the instant matter) where either their inability to exercise discretion or the improper exercise of their discretion would result in unlawfully depriving individuals of their civil liberties in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants repeatedly failed to adequately prevent and/or remedy such violations notwithstanding their knowledge of same.

187. Prior to RAHEEM's unlawful arrest and prosecution defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA knew to a moral certainty that their agents and/or employees had a history of being either unable to exercise their discretion or of exercising their discretion in a manner that has unlawfully deprived individuals of their civil liberties in violation of applicable federal and state

42

laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants repeatedly failed to adequately prevent and/or remedy such violations notwithstanding their knowledge of same.

188.    Prior to RAHEEM's unlawful arrest and prosecution defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA knew to a moral certainty that either the wrong choice by their agents and/or employees, their inability to exercise discretion or their improper exercise of discretion has frequently caused the unlawful deprivation of individual civil liberties in violation of applicable federal and state laws, well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants repeatedly failed to adequately prevent and/or remedy such violations notwithstanding their knowledge of same.

189.    On or about October 5, 2005 RAHEEM'S counsel informed the court and all defendants that counsel would be prepared to select a jury to resolve the matter on October 17, 2005.

190.    On or about October 17, 2005 counsel for RAHEEM announced his readiness for trial.

191.    Upon the announcement, A.D.A. MADEY stated to the court that he had been authorized by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA to dismiss RAHEEM's unlawfully initiated and illegally maintained and malicious criminal prosecution.

192.    On October 17, 2005 the Felony Indictment obtained by the intentional, malicious and/or reckless actions of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 was dismissed by Judge Calabrese of the Nassau County Court.

193.    On October 17, 2005 upon the dismissal of RAHEEM'S indictment, MILLER'S indictment charging him with one count of Robbery in the Second Degree and one count of Robbery in

43

the Third Degree was dismissed and his charges were reduced and amended to one Misdemeanor charge of Petit Larceny.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION:
### FALSE ARREST
### UNDER 42 U.S.C. § 1983

194.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

195.    That upon information and belief, and at all times herein mentioned, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 were acting under color of law, specifically under color of the constitution, statutes, rules, regulations, customs and usages of the State of New York and pursuant to their authority as law enforcement officers and in the regular course of employment as law enforcement officers.

196.    That at all times herein mentioned, at the aforesaid time and place, defendants DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA and JOHN AND JANE DOES 1-60, Shield Numbers unknown, while acting separately and in concert and in the course of their duties and functions as employees and agents of defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE falsely arrested, seized, detained, confined and unlawfully imprisoned RAHEEM CREWS.

197.    That no warrant or legal basis existed for the aforesaid false arrest, seizure, detention, confinement and imprisonment.

198.    That the aforesaid false arrest, seizure, detention, confinement and unlawful imprisonment of RAHEEM CREWS was unreasonable, intrusive and in violation of his Constitutional right to be secure in his person and to be free from warrantless search and seizure.

199.    That RAHEEM CREWS did not consent to the aforesaid false arrest, seizure, detention, confinement and imprisonment, nor was the aforesaid and warrantless false arrest, seizure, detention, confinement and imprisonment otherwise legal, authorized or privileged.

44

200.    That at all times herein mentioned, defendants each acting separately and in concert with each other violated well established ethical and professional standards relating to their employment in law enforcement and engaged in acts and/or omissions which constituted deprivation of the rights, privileges and immunities of the plaintiff. While these acts and omissions were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property, or ensuring civil order.

201.    That at all times herein mentioned, each of the defendants had the power and duty to restrain the others and prevent them from violating the law and depriving Plaintiff of his rights. However, each of the said defendants failed and refused to perform that duty and failed and refused to restrain the others, each thereby becoming a party to the injuries inflicted upon all plaintiffs.

202.    The aforesaid conduct to which defendants subjected plaintiffs constituted excessive force, unreasonable and warrantless arrest, unreasonable and warrantless search, false arrest, unlawful imprisonment, illegal search of his person, illegal seizure of his person, warrantless search of the person, warrantless seizure of his person, search of his person without probable cause or reasonable cause, interrogation without having first administered to him the required statements of constitutional rights, deprivation of his freedom for a considerable period of time, and being subjected to false arrest, assault, battery, infliction of emotional and/or mental distress and summary punishment without trial. No reasonable basis existed in either law or fact for the actions taken against plaintiffs.

203.    The aforesaid conduct to which defendants subjected the plaintiffs was unreasonable, intrusive and/or intended to harass and harm the plaintiffs. No reasonable basis existed in either law or fact for the actions taken against plaintiffs.

204.    As a result of all the foregoing, RAHEEM CREWS was subjected to excessive physical force, was deprived of his freedom for a considerable period of time, was falsely seized, unlawfully imprisoned, confined, restrained, arrested, assaulted, battered and shackled, was subjected to deprivation of his right to due process under law, was caused to suffer physical and emotional trauma and injury, fear and terror, personal humiliation and degradation, has continued to suffer as a result of the unlawful conduct of defendants and has been caused to fear repetition of said unlawful conduct by defendants or by other law enforcement officers.

205.    In the manner stated aforesaid, each of the defendants jointly and severally, acting maliciously, willfully and wantonly, and outside the scope of their lawful authority, although under color of law, deprived RAHEEM CREWS of rights secured to him by the Constitution and laws of the United Stated States, including but not limited to: his Fifth and Fourteenth Amendment rights to due process of law, his Fourth Amendment right to be free from unjustified and excessive force utilized by police

45

officers, his Fourth Amendment right to be free from unlawful search and seizure of his person, his Fifth and Sixth Amendment right to have administered to him the required statements of constitutional rights, his Fourth, Fifth and Fourteenth Amendment rights to be apprised of the specific nature of the charges against him, and other rights secured by the provisions of the Constitution of the United States of America, by Title 42 United States Code Sections 1983 and 1985, and by the constitution, statutes and laws of the state of New York which are invoked under the pendent jurisdiction of this Court.

206. That by reason of the aforesaid unlawful conduct and actions against RAHEEM CREWS, all plaintiffs have suffered either physical harm and injury, psychological harm, mental distress, humiliation, embarrassment and fear and have been prevented from attending their usual duties and lifestyles all to their detriment.

207. The plaintiffs in no way instigated, caused or contributed to the complained of conduct.

208. That at all times herein mentioned, all plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

209. That at all times herein mentioned, Defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE were aware of and approved, caused, condoned and/or ratified the complained of conduct committed by their agents, servants and/or employees.

210. The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

211. That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

212. That by reason of the aforesaid conduct and actions against RAHEEM CREWS and its resulting effects, plaintiffs demand judgment against all defendants in the sum of FIVE MILLION DOLLARS ($5,000,000.00), together with punitive and exemplary damages against all defendants in an appropriate amount, as determined by the trier of fact in this action.

### AS AND FOR A SECOND CAUSE OF ACTION: FALSE/UNLAWFUL IMPRISONMENT UNDER 42 U.S.C. § 1983

213. Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

46

214.    That upon information and belief, and at all times herein mentioned, all defendants were acting under color of law, specifically under color of the constitution, statutes, rules, regulations, customs and usages of the state of New York and pursuant to their authority as law enforcement officers.

215.    That at all times herein mentioned, at the aforesaid time and place, defendants DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA and JOHN AND JANE DOES 1-60, Shield Numbers unknown, while acting separately and in concert and in the course of their duties and functions as employees and agents of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA, DA'S OFFICE, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 did intend to confine and imprison RAHEEM CREWS.

216.    That at all times herein mentioned, at the aforesaid time and place, said defendants did in fact confine and unlawfully imprison RAHEEM CREWS.

217.    That at all times herein mentioned, RAHEEM CREWS and all plaintiffs were or became conscious and aware of said confinement and unlawful imprisonment.

218.    That RAHEEM CREWS and all plaintiffs did not consent to the aforesaid confinement and unlawful imprisonment, nor was the aforesaid confinement and unlawful imprisonment otherwise legal, authorized or privileged.

219.    That no warrant or legal basis existed for the aforesaid confinement and unlawful imprisonment.

220.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of RAHEEM CREWS.

221.    That by reason of the aforesaid conduct and actions of defendants, RAHEEM CREWS was placed in fear for his personal safety and emotional welfare.

222.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of the plaintiffs.

223.    That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for RAHEEM CREWS' personal safety and emotional welfare.

224.    That by reason of the aforesaid conduct and actions against them, all plaintiffs have suffered either physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to their detriment.

225.    That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

47

225.    That no warrant or reasonable basis existed for the aforesaid conduct and actions against the plaintiffs.

226.    That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

227.    That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

228.    That at all times herein mentioned, defendants each acting separately and in concert with each other, engaged in acts and/or omissions which constituted deprivation of the rights, privileges and immunities of the plaintiffs. While these acts and omissions were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property, or ensuring civil order.

229.    That at all times herein mentioned, each of the defendants had the power and duty to restrain the others and prevent them from violating the law and depriving RAHEEM CREWS of rights secured by the provisions of the Constitution of the United States of America, and by Title 42 United States Code Sections 1983 and 1985, and by the constitution, statutes and laws of the state of New York which are invoked under the pendent jurisdiction of this Court.

230.    However, each of the said defendants failed and refused to perform that duty and failed and refused to restrain the others, each thereby becoming a party to the injuries inflicted upon all Plaintiffs.

231.    The aforesaid conduct to which defendants subjected Plaintiff constituted excessive force, unreasonable and warrantless arrest, unreasonable and warrantless search, false arrest, unlawful imprisonment, illegal search of his person, illegal seizure of his person, warrantless search of the person, warrantless seizure of his person, search of his person without probable cause or reasonable cause, interrogation without having first administered to him the required statements of constitutional rights, deprivation of his freedom for a considerable period of time, and being subjected to false arrest, unlawful imprisonment, assault, battery, infliction of emotional and/or mental distress and summary punishment without trial. No reasonable basis existed in either law or fact for the actions taken against Plaintiff.

232.    As a result of all the foregoing, RAHEEM CREWS was subjected to excessive physical force, was deprived of his freedom for a considerable period of time, was falsely seized, unlawfully imprisoned, confined, restrained, arrested, assaulted, battered and shackled, was subjected to deprivation of his right to due process under law, was caused to suffer physical damage and emotional trauma and injury, fear and terror, personal humiliation and degradation, has continued to suffer as a result of the

48

unlawful conduct of defendants and has been caused to fear repetition of said unlawful conduct by defendants or by other law enforcement officers.

233.    That by reason of the aforesaid conduct and actions against them, all plaintiffs have suffered physical harm and injury, psychological harm, mental distress, humiliation, embarrassment and fear and have been prevented from attending their usual duties and lifestyles all to their detriment.

234.    In the manner aforesaid, each of the defendants jointly and severally acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under color of law, violating well established ethical and professional standards relating to their employment in law enforcement and deprived RAHEEM CREWS of rights secured to him by the Constitution and laws of the United Stated States, including but not limited to: his Fifth and Fourteenth Amendment rights to due process of law, his Fourth Amendment right to be free from unjustified and excessive force utilized by police officers, his Fourth Amendment right to be free from unlawful search and seizure of his person, his Fifth and Sixth Amendment right to have administered to him the required statements of constitutional rights, his Fourth, Fifth and Fourteenth Amendment rights to be apprised of the specific nature of the charges against him, and other rights secured by the provisions of the Constitution of the United States of America, and by Title 42 United States Code Sections 1983 and 1985, and by the constitution, statutes and laws of the state of New York which are invoked under the pendent jurisdiction of this Court.

235.    That by reason of all of the foregoing, all plaintiffs have suffered damage and injury.

236.    That at all times herein mentioned, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE   were aware of, approved, caused, condoned and/or ratified the complained of conduct committed by its agents, servants and/or employees.

237.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

238.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

239.    That by reason of the aforesaid conduct and actions against RAHEEM CREWS and its resulting effect, plaintiffs demand judgment against all defendants in the sum of FIVE MILLION DOLLARS ($5,000,000.00), together with punitive and exemplary damages against all defendants in an appropriate amount, as determined by the trier of fact of this action.

## AS AND FOR A THIRD CAUSE OF ACTION:
### ASSAULT
### UNDER PENDENT JURISDICTION
### AGAINST ALL DEFENDANTS

240.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

241.    That at all times herein mentioned, at the aforesaid time and place, defendants DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA and JOHN AND JANE DOES 1-60, Shield Numbers unknown, while acting separately and in concert and in the course of their duties and functions as employees and agents of defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE falsely arrested, seized, detained, confined and unlawfully imprisoned RAHEEM CREWS.

242.    That no warrant or legal basis existed for the aforesaid false arrest, seizure, detention, confinement and imprisonment.

243.    That the aforesaid false arrest, seizure, detention, confinement and unlawful imprisonment of RAHEEM CREWS was unreasonable, intrusive and in violation of his Constitutional right to be secure in his person and to be free from warrantless search and seizure.

244.    That RAHEEM CREWS did not consent to the aforesaid false arrest, seizure, detention, confinement and imprisonment, nor was the aforesaid and warrantless false arrest, seizure, detention, confinement and imprisonment otherwise legal, authorized or privileged.

245.    That at all times herein mentioned, RAHEEM CREWS conducted himself in a prudent, peaceful and lawful manner.

246.    That the aforesaid false arrest, seizure, detention, confinement and imprisonment of RAHEEM CREWS was unreasonable, intrusive and in violation of his Constitutional rights to be secure in his person and to be free from restraint of movement.

247.    That by reason of his aforesaid false arrest, seizure, detention, confinement and unlawful imprisonment in a violent prison setting for more than 125 days, RAHEEM CREWS was forced to suffer a reasonable apprehension of imminent physical injury for a prolonged period of time.

248.    During aforesaid false arrest, seizure, detention, confinement and unlawful imprisonment in a violent prison setting for more than 125 days, Plaintiff was repeatedly confronted by violent inmates who threatened him with immediate physical injury.

249.    That by reason of the aforesaid conduct and actions against RAHEEM CREWS, all plaintiffs have suffered either physical harm and injury, psychological harm, mental distress, humiliation,

embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to their detriment.

250.    It was foreseeable and known to all defendants that by reason of the aforesaid conduct and actions against RAHEEM CREWS, all plaintiffs would suffer either physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and would be prevented from attending their usual duties and lifestyles all to their detriment.

251.    That at all times herein mentioned, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE were aware of, approved, caused, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

252.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

253.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

254.    That by reason of said assault caused by RAHEEM CREWS' unlawful arrest, seizure, detention, confinement and imprisonment and its resulting effects, plaintiffs demand judgment against all defendants in the sum of FIVE MILLION DOLLARS ($5,000,000.00), together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION:
### BATTERY
### UNDER PENDENT JURISDICTION
### AGAINST ALL DEFENDANTS

255.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

256.    That at all times herein mentioned, at the aforesaid time and place, RAHEEM CREWS was battered by Defendants DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA and JOHN AND JANE DOES 1-60, Shield Numbers unknown, while acting separately and in concert in the course of their duties and functions as employees and agents of defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER,

51

DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE in that from approximately May 27, 2005 when said defendants initially subjected him to unlawful physical contact when they physically and painfully restrained and handcuffed RAHEEM against his will and placed him under arrest without a warrant and without probable cause in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the State of New York, until his release from their unlawful custody on or about September 29, 2005, said unlawful contact continued on a daily basis.

257.    That RAHEEM CREWS did not consent to the battery and physical contact committed against him, nor was said battery and physical contact otherwise legal, authorized or privileged.

258.    That no warrant or legal basis existed for the aforesaid arrest, battery and unlawful physical contact against Plaintiff.

259.    That RAHEEM CREWS in no way instigated, caused or contributed to the aforesaid battery and physical contact against him.

260.    That at all times herein mentioned, RAHEEM CREWS conducted himself in a prudent, peaceful and lawful manner.

261.    That the aforesaid battery and physical contact of RAHEEM CREWS was unreasonable, intrusive and in violation of his Constitutional right to be secure in his person.

262.    That by reason of the aforesaid battery and physical contact against him, RAHEEM CREWS has suffered damage and injury.

263.    That by reason of the aforesaid conduct and actions against RAHEEM, all plaintiffs have suffered physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to their detriment.

264.    That at all times herein mentioned, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE were aware of, approved, caused, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

265.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

52

266.     That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

267.     That by reason of the aforesaid battery and physical contact used against RAHEEM CREWS and its resulting effect, plaintiffs demand judgment against all defendants in the sum of FIVE MILLION DOLLARS ($5,000,000.00), together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION:
## UNLAWFUL IMPRISONMENT
## UNDER PENDENT JURISDICTION
## AGAINST ALL DEFENDANTS

268.     Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

269.     That at all times herein mentioned, at the aforesaid time and place, defendants DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA, SHERIFF, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60, Shield Numbers unknown, while acting separately and in concert and in the course of their duties and functions as employees and agents of defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE did intend to confine and imprison RAHEEM CREWS.

270.     That at all times herein mentioned, at the aforesaid time and place, said defendants did in fact confine and unlawfully imprison RAHEEM CREWS for more than 125 days in a violent prison setting.

271.     That at all times herein mentioned, RAHEEM CREWS was and all plaintiffs became conscious and aware of said confinement and unlawful imprisonment.

272.     That RAHEEM CREWS and all plaintiffs did not consent to the aforesaid confinement and unlawful imprisonment, nor was the aforesaid confinement and unlawful imprisonment otherwise legal, authorized or privileged.

273.     That no warrant or legal basis existed for the aforesaid confinement and unlawful imprisonment.

274.     That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of RAHEEM CREWS.

53

275.     That by reason of the aforesaid conduct and actions of defendants, RAHEEM CREWS was placed in fear for his personal safety and emotional welfare.

276.     That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

277.     That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for RAHEEM CREWS' personal safety and emotional welfare.

278.     That by reason of the aforesaid conduct and actions against them, all plaintiffs have suffered either physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to their detriment.

279.     That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

280.     That no reasonable basis existed for the aforesaid conduct and actions against the plaintiffs.

281.     That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

282.     That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

283.     That at all times herein mentioned, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE were aware of, approved, caused, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

284.     The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

285.     That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

286.     That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of FIVE MILLION DOLLARS ($5,000,000.00), together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION:
## OUTRAGEOUS CONDUCT/INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS
## UNDER PENDENT JURISDICTION
## AGAINST ALL DEFENDANTS

287. Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

288. Defendants DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P.O. ANNARUMMA and JOHN AND JANE DOES 1-60, Shield Numbers unknown, while acting separately and in concert and in the course of their duties and functions as employees and agents of COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE intentionally and for the purpose of causing severe emotional and/or mental distress, conducted themselves both directly and indirectly toward the plaintiffs in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

289. That said defendants intentionally and with the knowledge that their actions would cause severe emotional and/or mental distress, conducted themselves in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency as evidenced by the fact that from approximately 8PM on May 27, 2005 to approximately 6AM on May 28, 2005, said defendants and other unidentified employees and/or agents of defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE repeatedly threatened RAHEEM with physical harm and 25 years to life incarceration, denied RAHEEM access to his family and placed him in fear for his life and welfare; causing him fear, anxiety, panic, humiliation and other emotional harm in violation of well established ethical and professional standards relating to their employment in law enforcement and rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

290. That with conscious disregard of a substantial probability of causing severe emotional and/or mental distress to Plaintiff, said defendants conducted themselves toward Plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

291. That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of RAHEEM CREWS.

292. That by reason of the aforesaid conduct and actions of defendants, RAHEEM CREWS was placed in fear for his personal safety and emotional welfare.

55

293.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

294.    That by reason of the aforesaid conduct and actions against them, all plaintiffs have suffered either physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to their detriment.

295.    That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

296.    That no reasonable basis existed for the aforesaid conduct and actions against the plaintiffs.

297.    That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

298.    That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

299.    That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

300.    That at all times herein mentioned, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE approved, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

301.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

302.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

303.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### UNDER PENDENT JURISDICTION
### AGAINST ALL DEFENDANTS

304.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

305.    That the aforesaid conduct and actions of defendants acting separately and in concert, constituted gross negligence and/or recklessness in the performance of their law enforcement duties.

306.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

307.    That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for RAHEEM CREWS' personal safety.

308.    That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

309.    That no reasonable basis existed for the aforesaid conduct and actions against the plaintiffs.

310.    That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

311.    That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

312.    That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

313.    That at all times herein mentioned, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE approved, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

314.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

315.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

316.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and

57

exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION:
### MALICIOUS PROSECUTION
### UNDER 42 U.S.C. § § 1983 and 1985
### AGAINST ALL DEFENDANTS

317. Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

318.    The false arrest, search, seizure, unlawful detention and imprisonment, assault, battery, indictment, malicious prosecution and other wrongful, unjust and unlawful acts conducted against RAHEEM CREWS and all plaintiffs by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 were done without justification, without a warrant or probable cause, in breach of standard police procedures, the rules of ethics governing both law enforcement officers and prosecutors and in violation of Plaintiffs' Constitutional rights under federal and state laws.

319.    Said actions were done in furtherance of a conspiracy, in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

320.    Defendants conspired to prevent RAHEEM's counsel from obtaining the true date of the crime in an effort to prevent counsel from preparing an adequate defense in violation of Plaintiff's Constitutional right to due process under the law.

321.    Despite easily obtainable and irrefutable proof of Plaintiff's innocence, defendants conspired to initiate an unlawful prosecution and continued to use the courts and judicial process in furtherance of their conspiracy and to further harm all plaintiffs despite having knowledge that there was no actual evidence or lawful cause for continuing said unlawful and malicious prosecution.

322.    As a direct result of said conspiratorial actions and malicious prosecution, defendants unlawfully shifted the burden of proof onto all plaintiffs, who suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear RAHEEM CREWS of said false and maliciously imposed criminal charges which were intentionally filed and maintained by defendants.

323. Defendants, acting individually and severally, each failed to sufficiently investigate whether Plaintiff was in fact involved in the alleged crimes, and instead acted under color of law to knowingly impose and prosecute false criminal charges against Plaintiff, in a manner intended to do harm without excuse or justification.

324. Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA conspired and condoned the abuse of the considerable power of the Grand Jury and allowed their agents and/or employees to provide false and/or misleading information and/or testimony in an effort to conceal their prior unlawful actions and thereby furthered the unlawful deprivation of Plaintiff's individual civil liberties.

325. Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA then further conspired and assisted in covering up the misdeeds of their agents and/or employees in violation of well established ethical and professional standards relating to their employment in law enforcement and in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

326. When said conspiratorial and unlawful actions of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA were uncovered before the court, defendants were forced to consent to the termination of all criminal charges in favor of Plaintiff.

327. As a direct result of said conspiratorial actions and unlawful and malicious prosecution, all plaintiffs suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear RAHEEM CREWS of said false and maliciously imposed criminal charges in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

328. That the aforesaid conspiratorial conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

329. That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for RAHEEM CREWS' personal safety.

59

330.   That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

331.   That no warrant or legal basis existed for the aforesaid conduct and actions taken against the plaintiffs.

332.   That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

333.   That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

334.   That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

335.   That at all times herein mentioned, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA approved, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

336.   The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

337.   That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

338.   That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

## AS AND FOR A NINTH CAUSE OF ACTION:
## MALICIOUS PROSECUTION
## UNDER PENDENT JURISDICTION
## AGAINST ALL DEFENDANTS

339.   Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

340.   The false arrest, search, seizure, unlawful detention and imprisonment, assault, battery, indictment, malicious prosecution and other wrongful, unjust and unlawful acts conducted against

RAHEEM CREWS and all plaintiffs by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 were done without justification, without a warrant or probable cause, in breach of standard police procedures, the rules of ethics governing both law enforcement officers and prosecutors and in violation of Plaintiffs' Constitutional rights under federal and state laws.

341.   Said actions were done in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

342.   Defendants intentionally prevented RAHEEM's counsel from obtaining the true date of the crime in an effort to prevent counsel from preparing an adequate defense in violation of Plaintiff's Constitutional right to due process under the law.

343.   Despite easily obtainable and irrefutable proof of Plaintiff's innocence, defendants initiated an unlawful prosecution and continued to use the courts and judicial process to further harm all plaintiffs despite having knowledge that there was no actual evidence or lawful cause for continuing said unlawful and malicious prosecution.

344.   As a direct result of said malicious prosecution, defendants unlawfully shifted the burden of proof onto all plaintiffs, who suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear RAHEEM CREWS of said false and maliciously imposed criminal charges which were intentionally filed and maintained by defendants.

345.   Defendants, acting individually and severally, each failed to sufficiently investigate whether Plaintiff was in fact involved in the alleged crimes, and instead acted under color of law to knowingly impose and prosecute false criminal charges against Plaintiff, in a manner intended to do harm without excuse or justification.

346.   Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA condoned the abuse of the considerable power of the Grand Jury and allowed their agents and/or employees to provide false and/or misleading information and/or testimony in an effort to conceal their prior unlawful actions and thereby furthered the unlawful deprivation of Plaintiff's individual civil liberties.

347.   Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET.,

61

DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA then assisted in covering up the misdeeds of their agents and/or employees in violation of well established ethical and professional standards relating to their employment in law enforcement and in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

348.     When   said   unlawful   actions   of   defendants   COUNTY,   DEPARTMENT, COMMISSIONER,  FIRST  DEPUTY  COMMISSIONER,  DEPUTY  COMMISSIONER,  ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA were uncovered before the court, defendants were forced to consent to the termination of all criminal charges in favor of Plaintiff.

349.     As a direct result of said unlawful and malicious prosecution, all plaintiffs suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear RAHEEM CREWS of said false and maliciously imposed criminal charges in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

350.     That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

351.     That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for RAHEEM CREWS' personal safety.

352.     That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

353.     That no warrant or legal basis existed for the aforesaid conduct and actions taken against the plaintiffs.

354.     That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

355.     That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

356.     That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

357.     That  at  all  times  herein  mentioned,  defendants  COUNTY,  DEPARTMENT, COMMISSIONER,  FIRST  DEPUTY  COMMISSIONER,  DEPUTY  COMMISSIONER,  ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and

62

DA approved, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

358.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

359.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

360.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

## AS AND FOR A TENTH CAUSE OF ACTION:
## ABUSE OF PROCESS
## UNDER 42 U.S.C. § § 1983 and 1985
## AGAINST ALL DEFENDANTS

361. Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

362. The false arrest, unlawful detention and imprisonment, assault, battery, malicious prosecution and other wrongful acts conducted against RAHEEM CREWS and all plaintiffs by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 constituted a conspiracy on the part of all defendants in furtherance of an abuse of process, abuse of authority, breach of standard police procedures, ethical and professional standards, violations of numerous state and federal laws and violated Constitutional rights guaranteed by federal and state laws to all plaintiffs in this action.

363.    Said conspiracy and abuse of process is further evidenced by the defendants' refusal to adequately investigate the identity and/or whereabouts of Plaintiff, the circumstances and the accuracy of the charges filed against him, and to properly review and investigate the actions of defendant agents and/or employees for their unjust and unlawful actions.

63

364.   Defendants failed to investigate and verify both the veracity of Plaintiff's repeated claims that he was not involved in the alleged crime and the overwhelming and easily obtainable evidence supporting Plaintiff's innocence.

365.   Defendants failed to investigate and verify both the veracity of defendants HUGHLETT and MILLER's repeated claims that RAHEEM CREWS was not involved in the alleged crime and the overwhelming and easily obtainable evidence supporting Plaintiff's innocence.

366.   Defendants then further conspired and intentionally prevented Plaintiff's defense counsel from obtaining the true date of the crime in an effort to prevent counsel from preparing an adequate defense in violation of Plaintiff's Constitutional rights to due process and to be apprised of the true nature of all charges against him.

367.   Even after obtaining irrefutable proof of Plaintiff's innocence, defendants used and continued to use the courts and judicial process to further harm all plaintiffs knowing that there was no actual evidence for prosecuting the baseless charges or continuing the unlawful imprisonment of RAHEEM CREWS.

368.   Defendants, acting individually and severally, each failed to sufficiently investigate whether Plaintiff was in fact involved in the alleged crimes, and instead acted under color of law to knowingly impose and continued to impose false criminal charges upon the Plaintiff notwithstanding conclusive proof and evidence within their possession of his innocence.

369.   Defendants thereby conspired to employ regularly issued criminal process against RAHEEM CREWS in violation of well established ethical and professional standards relating to their employment in law enforcement and in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

370.   In furtherance of said conspiracy, a lawful criminal process was perverted by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 and DA to obtain the collateral objective of securing an unlawful indictment and then covering up the prior unlawful actions of their agents and/or employees in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

64

371.     Said conspiratorial actions were done in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

372.     As a direct result of said conspiracy and abuse of process, all plaintiffs have suffered emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear RAHEEM CREWS of said false and maliciously imposed criminal charges.

373.     That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

374.     That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for RAHEEM CREWS' personal safety.

375.     That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

376.     That no warrant or reasonable basis existed for the aforesaid conduct and actions against the plaintiffs.

377.     That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

378.     That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

379.     That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

380.     That at all times herein mentioned, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA approved, condoned and/or ratified the complained of conduct committed by its agents, servants and/or employees.

381.     The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

382.     That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

383.     That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and

exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

<div align="center">

**AS AND FOR AN ELEVENTH CAUSE OF ACTION:**
**ABUSE OF PROCESS**
**UNDER PENDENT JURISDICTION**
**AGAINST ALL DEFENDANTS**

</div>

384.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

385.    The false arrest, unlawful detention and imprisonment, assault, battery, malicious prosecution and other wrongful acts conducted against RAHEEM CREWS and all plaintiffs by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 constituted an abuse of process, abuse of authority, breach of standard police procedures, ethical and professional standards, violations of numerous state and federal laws and violated Constitutional rights guaranteed by federal and state laws to all plaintiffs in this action.

386.    Said abuse of process is further evidenced by the defendants' refusal to adequately investigate the identity and/or whereabouts of Plaintiff, the circumstances and the accuracy of the charges filed against him, and to properly review and investigate the actions of defendant agents and/or employees for their unjust and unlawful actions.

387.    Defendants failed to investigate and verify both the veracity of Plaintiff's repeated claims that he was not involved in the alleged crime and the overwhelming and easily obtainable evidence supporting Plaintiff's innocence.

388.    Defendants failed to investigate and verify both the veracity of defendants HUGHLETT and MILLER's repeated claims that RAHEEM CREWS was not involved in the alleged crime and the overwhelming and easily obtainable evidence supporting Plaintiff's innocence.

389.    Defendants intentionally prevented Plaintiff's defense counsel from obtaining the true date of the crime in an effort to prevent counsel from preparing an adequate defense in violation of Plaintiff's Constitutional rights to due process and to be apprised of the true nature of all charges against him.

<div align="center">

66

</div>

390. Even after obtaining irrefutable proof of Plaintiff's innocence, defendants used and continued to use the courts and judicial process to further harm all plaintiffs knowing that there was no actual evidence for prosecuting the baseless charges or continuing the unlawful imprisonment of RAHEEM CREWS.

391. Defendants, acting individually and severally, each failed to sufficiently investigate whether Plaintiff was in fact involved in the alleged crimes, and instead acted under color of law to knowingly impose and continued to impose false criminal charges upon the Plaintiff notwithstanding conclusive proof and evidence within their possession of his innocence.

392. Defendants thereby employed regularly issued criminal process against RAHEEM CREWS in violation of well established ethical and professional standards relating to their employment in law enforcement and in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

393. Said criminal process was perverted by defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE, DA, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 and DA to obtain the collateral objective of securing an unlawful indictment and then covering up the prior unlawful actions of their agents and/or employees in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

394. Said actions were done in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

395. As a direct result of said abuse of process, all plaintiffs have suffered emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear RAHEEM CREWS of said false and maliciously imposed criminal charges.

396. That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

397. That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for RAHEEM CREWS' personal safety.

67

398.    That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

399.    That no warrant or reasonable basis existed for the aforesaid conduct and actions against the plaintiffs.

400.    That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

401.    That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

402.    That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

403.    That at all times herein mentioned, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA approved, condoned and/or ratified the complained of conduct committed by its agents, servants and/or employees.

404.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

405.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

406.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION:
### FAILURE TO INTERVENE
### UNDER 42 U.S.C. § § 1983 and 1985

407.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

408.    That upon information and belief, and at all times herein mentioned, all defendants were acting under color of law, specifically under color of the constitution, statutes, rules, regulations, customs and usages of the state of New York and pursuant to their authority as law enforcement officers.

409.   Defendants   COUNTY,   DEPARTMENT,   COMMISSIONER,   FIRST   DEPUTY
COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET.,
DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA, DA'S OFFICE, A.D.A. LAMPERT, A.D.A.
HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN AND JANE DOES 1-60 acting in
violation of well established ethical and professional standards relating to their employment in law
enforcement, conspired and unlawfully deprived RAHEEM CREWS of his First, Fourth, Fifth, Sixth,
Eighth and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in
concert to wrongfully, unlawfully and unconstitutionally assault, batter, detain, search, seize, imprison
and prosecute RAHEEM CREWS as described in the preceding paragraphs of this complaint because of
or on account of plaintiffs' race and color; however defendants COUNTY, DEPARTMENT, SHERIFF,
COMMISSIONER,   FIRST   DEPUTY   COMMISSIONER,   DEPUTY   COMMISSIONER,   ASST.
COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S
OFFICE failed to intervene to protect or aid plaintiffs when such violations did in fact occur.

410.   Upon   information   and   belief   defendants   COUNTY,   DEPARTMENT,
COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST.
COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA, DA'S
OFFICE, A.D.A. LAMPERT, A.D.A. HIGGINS, A.D.A. McCARTHY, A.D.A. MADEY and JOHN
AND JANE DOES 1-60, acting intentionally, maliciously and/or recklessly and with the intent and
purpose of further their conspiracy and depriving RAHEEM CREWS of his due process rights under the
Fifth and Fourteenth Amendments, conspired to prolong Plaintiff's unlawful detention and imprisonment
without a warrant and without probable cause and further denied Plaintiff his Fifth and Fourteenth
Amendment rights via further unlawful activity intended to cover-up the misconduct of said defendants
and to prevent plaintiff from being compensated for defendants' wrongful, unlawful and unconstitutional
arrest, battery, detention, search, seizure, imprisonment and prosecution of RAHEEM CREWS and
caused other physical and emotional harm to be incurred on all plaintiffs by virtue of defendants'
unlawful conduct.

411.   Said conspiratorial actions by the defendants individually and collectively, further denied
the plaintiffs their due process rights and equal protection rights under the law.  All of these rights are
guaranteed to plaintiffs under 42 U.S.C. § 1983, and the Fourth, Fifth and Fourteenth Amendments of the
United States Constitution and by the constitution, statutes and laws of the state of New York which are
invoked under the pendent jurisdiction of this Court.

412.   By assisting in the detention and illegal search and seizure of RAHEEM CREWS and his
subsequent wrongful, unlawful and unconstitutional arrest, battery, detention, search, assault,
imprisonment and prosecution, defendants acted in concert with the shared purpose of denying RAHEEM

69

CREWS

CREWS his right to freedom of movement, protection from unlawful seizure, and the rights to due process and equal protection under both state and federal laws. These rights are guaranteed under the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, as well as under 42 U.S.C. 1983 and by the constitution, statutes and laws of the state of New York.

413.    Each of the defendants separately and in concert acted outside the scope of their legal authority without legal justification and without authorization of law. Each of the defendants separately and in concert acted willfully and with the specific intent to deny all plaintiffs their state and federal constitutional rights and the protections available to every citizen of the United States and the state of New York under both state and federal laws and therefore, acted to unlawfully harm all plaintiffs.

414.    By wrongfully, unlawfully, and unconstitutionally, harassing, intimidating, battering, assaulting, detaining, arresting, searching, seizing, imprisoning and prosecuting RAHEEM CREWS, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE knew or should have known that their agents and/or employees were violating the laws of New York state and those statutory and constitutional rights set forth herein; however they failed to prevent the same and therefore acted unlawfully to harm all plaintiffs.

415.    The defendants knew or should have known that the wrongful, warrantless, unlawful and unconstitutional arrest, battery, detention, search, seizure, assault, imprisonment and prosecution of RAHEEM CREWS and other physical and emotional harm incurred by all plaintiffs by virtue of defendants' unlawful conduct constituted violations of well established ethical and professional standards relating to their agents' and/or employees' employment in law enforcement and various rights guaranteed to plaintiffs under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, as well as under 42 U.S.C. 1983 and by the constitution, statutes and laws of the state of New York.

416.    Defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE had the authority, ability and concurrent duty under 42 U.S.C. § 1983 to prevent the unlawful harassment, intimidation, false arrest, seizure, battery, detention, search, assault, imprisonment and prosecution of RAHEEM CREWS and other physical and emotional harm incurred on all plaintiffs by virtue of defendants' unlawful conduct from occurring; however defendants failed to intervene, protect or aid plaintiffs when such violations did in fact occur.

70

417. The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

418. All defendants knew that the course of conduct enacted by their agents and/or employees against plaintiffs was in violation of their Fourth, Fifth and Fourteenth Amendment rights to due process and were tantamount to unequal protection under the law, in violation of plaintiffs' fundamental rights under the Constitution of the United States and the constitution, statutes and laws of the state of New York.

419. As a result of said unlawful actions by defendants collectively and individually, all plaintiffs have been subjected to equal protection and due process violations prohibited under the Constitutions of both the United States of America and the state of New York.

420. Due to said unlawful actions by defendants collectively and individually, RAHEEM CREWS was subjected to excessive physical force, was deprived of his freedom for a considerable period of time, was falsely seized and arrested, unlawfully imprisoned, confined, restrained, assaulted, battered and shackled, was subjected to deprivation of his right to due process under law, was caused to suffer physical damage and emotional trauma and injury, fear and terror, personal humiliation and degradation; and all plaintiffs suffered severe injuries, pain, humiliation, anxiety, fear and emotional and psychological harm as a direct result of defendants' unlawful conduct.

421. That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of the plaintiffs.

422. That by reason of the aforesaid conduct and actions of defendants, all plaintiffs were placed in fear for RAHEEM CREWS' personal safety and emotional welfare.

423. That by reason of the aforesaid conduct and actions against them, all plaintiffs have suffered physical harm and injury, psychological harm, mental distress, humiliation, embarrassment and fear and have been prevented from attending their usual duties and lifestyles all to their detriment.

424. That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

425. That no warrant or legal basis existed for the aforesaid conduct and actions against the plaintiffs.

426. That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

427. That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

428.    That at all times herein mentioned, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE were aware of, approved, caused, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

429.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

430.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

431.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages against all defendants in an appropriate amount, as determined by the trier of fact of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION:
### MUNICIPAL LIABILITY
### UNDER 42 U.S.C. § § 1983 and 1985

432.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the preceding paragraphs this complaint with the same force and effect as though fully set forth therein.

433.    Prior to RAHEEM's unlawful arrest and prosecution, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA created and/or tolerated a long standing policy or custom of deliberate indifference to the civil rights of minorities which unlawfully deprived individuals of their civil liberties and then condoned or otherwise did not effectively prevent attempts by their agents/employees to cover up their misdeeds in violation of well established ethical and professional standards relating to their agents' and/or employees' employment in law enforcement and rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants repeatedly failed to adequately prevent and/or remedy such violations notwithstanding their knowledge of said unlawful activities, thereby causing said unlawful deprivation of civil rights.

72

434.   By thus conspiring and allowing their agents and/or employees to freely execute said long standing policy or custom of deliberate indifference with impunity and in a manner evidencing malice, gross negligence and/or recklessness, defendants permitted, tolerated and encouraged a pattern or practice of unjustified, unreasonable, and unlawful harassment, intimidation, false arrest, battery, detention, search, assault, imprisonment and prosecution of minorities by their agents and/or employees in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the Constitution and Laws of the State of New York.

435.   Said conspiratorial conduct, in view of the multitudinous historical occurrences of such unlawful and/or grossly negligent and/or reckless behavior indicates a calculated and systemic deliberate indifference to the rights of African American and minority citizens and residents without remedial and rudimentary investigation.

436.   Said conspiratorial actions were done in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification and constitutes an intentional, reckless and callously indifferent breach of defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA's duty to prevent and deter such illegal and unjust activity under 42 U.S.C. § 1983.

437.   As a direct result of said policy or custom, plaintiffs suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration as a result of being unlawfully forced to clear RAHEEM CREWS of the false and maliciously imposed criminal charges.

438.   That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of the plaintiffs.

439.   Before and after the events described in this complaint, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE permitted, tolerated and encouraged a pattern or practice of unjustified, unreasonable, and unlawful harassment, intimidation, false arrest, battery, detention, search, assault, imprisonment and prosecution of minorities by their agents and/or employees.

440.   Although said conspiratorial conduct was unlawful, such incidents were covered up by defendants   COUNTY,   DEPARTMENT,   SHERIFF,   COMMISSIONER,   FIRST   DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE, with official claims that their agents' and/or employees' actions were justified and proper, or by leveling false charges against the complaining parties, so as to insulate the offending agents and/or employees.

73

441.    Said false charges and official claims have been fully sanctioned by defendants COUNTY, DEPARTMENT, SHERIFF and DA's OFFICE, who have repeatedly and unreasonably supported their agents and/or employees in nearly all cases, despite vast evidence that these agents and/or employees have executed said long standing policy or custom of deliberate indifference to the civil rights of minorities with impunity and in a manner evidencing malice, gross negligence and/or recklessness.

442.    In the absence of said unlawful policy or custom of deliberate indifference such actions could not have occurred and would not be permitted, tolerated and encouraged by COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE.

443.    Defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE have failed to properly investigate their agents and/or employees and the individual agents and/or employees complained of herein who are/were involved in the unlawful conduct complained of against all plaintiffs.

444.    Both prior and subsequent to the unlawful and unjust actions taken against the plaintiffs in the instant action, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE failed to properly train, supervise, investigate and discipline their individual agents and/or employees for the unlawful conduct complained of.

445.    In addition to permitting said pattern and practice of improper, abusive, illegal and unconstitutional conduct by its agents and/or employees, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE have failed to maintain or utilize an adequate system for the investigation of incidents of unjustified, unconstitutional and illegal use of excessive force, unjustified, unreasonable, and unlawful harassment, intimidation, false arrest, battery, detention, search, seizure, assault, imprisonment and prosecution of minorities by their agents and/or employees.

446.    Defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE, have failed to respond to the continuing and urgent need to prevent, restrain, discipline or terminate agents and/or employees who

74

wrongfully, unconstitutionally and illegally, harass, intimidate, falsely arrest, batter, detain, search, assault, imprison, prosecute and otherwise abuse the civil rights of minorities.

447.   Defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE maintained (at the time of the incident complained of herein) and continue to maintain, an unresponsive, ineffective, inadequate, self-serving, racially biased system of review when attempting to determine the justification(s), propriety and legality of illegal police conduct complained of by minorities, and by other victims of their agents' and/or employees' unlawful and unconstitutional misconduct and brutality.

448.   This unlawful and unconstitutional system has allowed defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE to shield agents and/or employees who have brutalized citizens or otherwise deprived minorities of their Constitutional rights from discipline, closer supervision, restraint or termination to the extent that it has now become the policy or custom of defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE to tolerate and condone the wrongful, illegal, unconstitutional and improper treatment of minorities by their defendant agents and/or employees, who are sworn to "protect and serve" all citizens.

449.   The foregoing conspiratorial acts, omissions, systemic flaws, policies and customs of defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE have caused their defendant agents and/or employees to believe that unlawful actions and constitutional violations will not be aggressively, honestly and properly investigated, with the foreseeable result that these same defendant agents and/or employees would cause the very harm complained of in this complaint.

450.   As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policy or customs of defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE, their individual defendant agents and/or employees all unjustifiably, illegally, and unconstitutionally violated the law and deprived RAHEEM CREWS of rights secured by the provisions of the Constitution of the United States of America, and by

75

Title 42 United States Code Sections 1983 and 1985, and by the constitution, statutes and laws of the State of New York.

451.    That by reason of the aforesaid unlawful conduct and actions against them, all plaintiffs have suffered either physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to their detriment.

452.    That at all times herein mentioned, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE were aware of, approved, caused, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

453.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

454.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

455.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against defendants   COUNTY,   DEPARTMENT,   SHERIFF,   COMMISSIONER,   FIRST   DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION:
### INTENTIONAL/RECKLESS SUPERVISORY MISCONDUCT
### UNDER 42 U.S.C. § 1983 and § 1985
### AND PENDENT JURISDICTION
### AGAINST ALL DEFENDANTS

456.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

457.    Prior to the unlawful arrest, imprisonment and prosecution complained of herein, defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA created and/or tolerated a long standing policy or

76

custom of deliberate indifference to the civil rights of minorities which unlawfully deprived individuals of their civil liberties and then condoned or otherwise did not effectively prevent attempts by their agents/employees to cover up their misdeeds in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York; however defendants repeatedly failed to adequately prevent and/or remedy such violations notwithstanding their knowledge of said unlawful activities.

458.    Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., SHERIFF, DA'S OFFICE and DA knew to a moral certainty that their agents and/or employees would confront situations such as the instant case where their agents/employees each acting separately and in concert with each other, would engage in acts and/or omissions which would constitute deprivation of the civil rights, privileges and immunities of minorities and that while these acts and omissions would be carried out under color of law, they in fact would have no justification or excuse in law, and would instead be gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property, or ensuring civil order.

459.    Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA knew that their agents and/or employees had a history of engaging in acts and/or omissions which constitute deprivation of the civil rights, privileges and immunities of minorities and that though these acts and omissions were carried out under color of law, they in fact had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property, or ensuring civil order.

460.    Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA'S OFFICE and DA knew that their agents and/or employees would make the wrong choice and engage in acts and/or omissions which would constitute deprivation of the civil rights, privileges and immunities of minorities and that though these acts and omissions would be carried out under color of law, they in fact would have no justification or excuse in law, and would instead be gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property, or ensuring civil order.

461.     Despite said knowledge, defendants' agents and/or employees were not adequately instructed, taught, directed or supervised in their duties and responsibilities as they related to the proper methods of protecting the civil rights of minorities.

462.     Said conduct, in view of the multitudinous historical occurrences of such unlawful and/or grossly negligent and/or reckless supervisory behavior indicates a calculated and systemic pattern of deliberate indifference to the rights of African American and minority citizens and residents without remedial and rudimentary investigation.

463.     Said actions were done in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

464.     As a direct result of said unlawful and unconstitutional activities, plaintiffs suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear RAHEEM CREWS of said false and maliciously imposed criminal charges.

465.     That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of the plaintiffs.

466.     That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for RAHEEM CREWS' personal safety.

467.     That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

468.     That no warrant or legal basis existed for the aforesaid conduct and actions against the plaintiffs.

469.     That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

470.     That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

471.     That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

472.     That at all times herein mentioned, defendants COUNTY, DEPARTMENT, SHERIFF, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DA and DA'S OFFICE approved, condoned and/or ratified the complained of conduct.

473.     The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

78

474.     That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

475.     That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION:
## PUNITIVE DAMAGES
## AGAINST ALL DEFENDANTS

476.     Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein

477.     The acts of all defendants were egregious, willful, wanton, malicious and oppressive and were motivated by a desire to harm plaintiffs with complete disregard for plaintiffs' well being, in gross violation of basic civil rights, and were based on a lack of concern and ill-will towards plaintiffs and other minorities and were in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

478.     Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE and DA's intentional, conspiratorial, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983 and places all defendants in violation of 42 U.S.C. § 1985.

479.     Such egregious and inexcusable acts therefore deserve an award of TEN MILLION DOLLARS ($10,000,000.00) as punitive damages.

480.     The requested punitive damages are necessary arfd required to punish all defendants for the egregious, reckless and callously indifferent breach of their duty to respect the civil rights of minorities and to ensure that all defendants are adequately deterred from violating the rights, privileges and immunities guaranteed to all citizens by the various provisions of the U.S. Constitution, the rights,

79

privileges and immunities guaranteed under the constitution and laws of the state of New York and well established ethical and professional standards relating to their employment in law enforcement.

481.     If said punitive damages are not awarded by the Court, defendants shall be further empowered to be recklessly and callously indifferent to the civil rights of minorities and will unabashedly continue violating the rights, privileges and immunities guaranteed to all citizens by the various provisions of the U.S. Constitution, the rights, privileges and immunities guaranteed under the constitution and laws of the state of New York and well established ethical and professional standards relating to their employment in law enforcement.

## INJUNCTIVE RELIEF
## AGAINST ALL DEFENDANTS

482.     Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein

483.     The acts of all defendants were egregious, willful, wanton, malicious and oppressive and exhibit a desire to harm racial minorities with complete disregard for their well being, in gross violation of basic civil rights and exhibit a lack of concern and ill-will towards minorities in violation of various provisions of the U.S. Constitution, the rights, privileges and immunities guaranteed under the constitution and laws of the state of New York and well established ethical and professional standards relating to their employment in law enforcement.

484.     Defendants COUNTY, DEPARTMENT, COMMISSIONER, FIRST DEPUTY COMMISSIONER, DEPUTY COMMISSIONER, ASST. COMMISSIONERS, CHIEF, CHIEF DET., DEP. CHIEF DET., INSP., DET. LT., DET. LEMMA, DET. HOLLAND, DET. MESSE, LT. BARBIERI, P. O. ANNARUMMA, SHERIFF, DA'S OFFICE and DA's conspiratorial, intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983 and places all defendants in violation of 42 U.S.C. § 1985.

485.     Such acts therefore call for immediate injunctive relief requiring defendants to correct all past violations of federal and state law and well established ethical and professional standards as alleged herein and to enjoin defendants from continuing to violate federal and state law and well established ethical and professional standards as alleged herein.

486.     The respectfully requested injunctive relief is necessary and required to prevent all defendants from further reckless and callously indifferent breaches of their duty to respect the civil rights of minorities and to ensure that all defendants are adequately deterred from violating the rights, privileges and immunities guaranteed to all citizens by various provisions of the U.S. Constitution, the constitution

80

and laws of the state of New York and well established ethical and professional standards relating to their employment in law enforcement.

487. If said injunctive relief is not awarded by the Court, defendants shall be further empowered to be recklessly and callously indifferent to the civil rights of minorities and will unabashedly continue violating the rights, privileges and immunities guaranteed to all citizens by the various provisions of the U.S. Constitution, the rights, privileges and immunities guaranteed under the constitution and laws of the state of New York and well established ethical and professional standards relating to their employment in law enforcement.

## AMOUNT OF DAMAGES

488. On the First Cause of Action, judgment against all defendants in the sum of FIVE MILLION DOLLARS (5,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action, and attorneys' fees pursuant to 42 USC §1988.

489. On the Second Cause of Action, judgment against all defendants in the sum of FIVE MILLION DOLLARS (5,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

490. On the Third Cause of Action, judgment against all defendants in the sum of FIVE MILLION DOLLARS (5,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

491. On the Fourth Cause of Action, judgment against all defendants in the sum of FIVE MILLION DOLLARS (5,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

492. On the Fifth Cause of Action, judgment against all defendants in the sum of FIVE MILLION DOLLARS (5,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

493. On the Sixth Cause of Action, judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

494. On the Seventh Cause of Action, judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

81

495.    On the Eighth Cause of Action, judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

496.    On the Ninth Cause of Action, judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

497.    On the Tenth Cause of Action, judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

498.    On the Eleventh Cause of Action, judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

499.    On the Twelfth Cause of Action, judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

500.    On the Thirteenth Cause of Action, judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

501.    On the Fourteenth Cause of Action, judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), together with punitive and exemplary damages in an appropriate amount, as determined by the trier of fact of this action and attorneys' fees pursuant to 42 USC §1988.

502.    On the Fifteenth Cause of Action, judgment against all defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00), as punitive damages.

503.    Declaratory Judgment that defendants willfully violated plaintiffs' rights which are secured by federal and state law as alleged herein.

504.    Injunctive relief, requiring defendants to correct all past violations of federal and state law and well established ethical and professional standards as alleged herein; to enjoin defendants from continuing to violate federal and state law and well established ethical and professional standards as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

505.    An order granting such other legal and equitable relief as the court deems just and proper.

506.    An order awarding costs of this action including attorney's fees to the plaintiffs pursuant to 42 U.S.C. § 1988.

82

Dated:  Hauppauge, New York
        May 19, 2006

                    Respectfully submitted,
                    MAJID & ASSOCIATES, P.C.
                    ATTORNEYS FOR PLAINTIFFS

                    By: _____
                    ARSHAD MAJID (AM4477)
                    300 RABRO DRIVE, SUITE 112
                    HAUPPAUGE, NEW YORK 11788
                    PHONE: (631) 582-5558

83

## <u>AFFIRMATION</u>

STATE OF NEW YORK  )
                          SS.:
COUNTY OF QUEENS  )


         RAHEEM CREWS, being duly sworn, deposes and says:  Deponent is a plaintiff in the within action; deponent has read the foregoing Summons and Complaint and its attached exhibits and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true.

(signature)
**RAHEEM CREWS**

Sworn to before me
This ____ day of _____, 2006

(signature)
**Notary Public**

ARSHAD MAJID
Notary Public, State of New York
Reg. No. 02MA6052029, Suffolk County
Commission Expires December 11 20___

## AFFIRMATION

STATE OF NEW YORK            )
                             SS.:
COUNTY OF QUEENS             )


NANCY GILYARD, being duly sworn, deposes and says: Deponent is a plaintiff in the within action; deponent has read the foregoing Summons and Complaint and its attached exhibits and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true.

(signature)
NANCY GILYARD

Sworn to before me
This 9th day of May, 2006

(signature)                    ARSHAD MAJID
Notary Public                  Notary Public, State of New York
                               Reg. No. 02MA4555755, Suffolk County
                               Commission Expires September 7, 2008

## AFFIRMATION

STATE OF NEW YORK      )
                                           SS.:
COUNTY OF QUEENS      )


        PATRICK GILYARD, being duly sworn, deposes and says:  Deponent is a plaintiff in
the within action; deponent has read the foregoing Summons and Complaint and its attached
exhibits and knows the contents thereof; the same is true to deponent's own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters
deponent believes it to be true.


                                                    _____
                                                    (signature)
                                                    PATRICK GILYARD


Sworn to before me
This _____ day of _____, 2006


_____
(signature)
Notary Public          ARSHAD MAJID
                              Notary Public, State of New York
                              Reg. No. 02MA6052029, Suffolk County
                              Commission Expires December 11, 20__

## AFFIRMATION

STATE OF NEW YORK )
                          SS.:
COUNTY OF QUEENS )

•

SHAMIKA DAWSON, being duly sworn, deposes and says: Deponent is a plaintiff in
the within action; deponent has read the foregoing Summons and Complaint and its attached
exhibits and knows the contents thereof; the same is true to deponent's own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters
deponent believes it to be true.

*Shamika Dawson*

(signature)
SHAMIKA DAWSON

Sworn to before me
This 17th day of May , 2006

(signature)
Notary Public          **ARSHAD MAJID**
                 Notary Public, State of New York
                 Reg. No. 02MA6052029, Suffolk County
                 Commission Expires December 11 20_08_

87