```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAHEEM CREWS, et al.,
                        Plaintiff(s),           ORDER
                                                CV 06-2610 (JFB)(WDW)
        -against-

COUNTY OF NASSAU, et al.,
                        Defendant(s).
----------------------------------------------------------------X
```

**WALL, Magistrate Judge:**

Before the court is the defendants' motion to compel responses to document demands (DE[94]), opposed by the plaintiffs (DE[97]). For the reasons set forth herein, the motion is granted in part, denied in part, and found moot in part.

The defendants seek an order compelling production of a number of documents, set forth in the motion. The plaintiffs, in their opposition, first argue that the motion should be denied for failure to sufficiently meet and confer, and state that all documents available to the plaintiffs that are sought in the motion have now been produced. Although the defendants could have waited a bit longer to hear back from plaintiffs' attorney, the court will not deny the motion on the basis suggested by the plaintiffs. The court accepts the plaintiffs' assertion that they have now produced all of the documents sought that they can produce, and thus some of the motion is moot. If there are any additional documents sought in the motion that have not yet been produced, the plaintiffs are directed to produce them within two weeks of the date of this order.

However, there is one issue that remains. As to a number of document categories, the defendants ask that the plaintiffs state in a letter why they do not have certain documents to produce. For example, in response to Document Demand #22, which requested W-2 and/or 1099 forms for the years 2000 to the present, the plaintiffs produced only a 2005 W-2, without any explanation for why that was the only document produced. The defendants now ask that the

remaining forms be produced, or, in the alternative, if the plaintiff was unemployed during the specified time period, except for the time covered by the 2005 W-2, that the plaintiff be compelled to so indicate in a letter. DE [94] at 3. The plaintiffs argue, without reference to any particular federal rule or decision, that they are not required to do so, but need only indicate that the plaintiff is not in possession of the requested documents, which, the plaintiffs say, they have done. The court finds that implicit in Rule 34 is the obligation of the requested party to either produce the requested documents or state that they do not exist or are not in their possession, custody or control, as that phrase has been interpreted. If the requesting party then wishes to know specifically why documents don't exist or are not in the other party's possession, custody or control, it may serve interrogatories designed to elicit that information, or may ask questions at a deposition. Thus, if the plaintiffs have not already done so, they are directed to serve formal responses indicating that the documents produced constitute all of the responsive documents in their possession, custody or control, or that responsive documents do not exist, and the defendants may follow up with interrogatories or deposition questions as they see fit.

Dated: Central Islip, New York
June 19, 2008

**SO ORDERED:**

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge