UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Raheem Crews, et al.,

                          Plaintiff(s),              **ORDER**
                                                                                                    **CV06-2610 (JFB)(WDW)**

       -against-

County of Nassau, et al.,

                          Defendant(s).
----------------------------------------------------------------X

**WALL, Magistrate Judge:**

      Before the court is a motion by the defendants seeking a ruling that the plaintiff, Raheem Crews, has waived attorney-client privilege as to discussions he had with his former attorney, Arshad Majid, about his whereabouts/alias for the day of March 26, 2005. DE[110]. The plaintiffs oppose the motion. DE [111]. For the reasons set forth *infra*, the motion is denied.

      The defendants argue that Crews has placed the subject of his discussions with Majid at issue in this lawsuit, and thus cannot shield their disclosure by asserting a privilege, which has been impliedly waived. This argument is based on the assertion by Crews that Majid, his attorney in the criminal state court proceeding underlying this federal lawsuit, told the Nassau County District Attorney's Office (the "NCDAO") that Crews could not have committed the crime with which he was charged, because on the relevant date - March 26, 2005 - Crews was incarcerated in a County facility. Despite Majid's having conveyed this information, Crews asserts, the NCDAO presented the charge to the Grand Jury and he was indicted. The County takes the position that Majid did not tell them about the incarceration alibi until after the grand Jury presentation, and that, as soon as they were made aware of it, Crews was released and the charge dismissed.

      The County defendants argue that in order to defend this action they must be permitted to

question Crews about such issues as when Majid asked Crews about any alibis he may have had, when Crews told him about any alibis, how Majid advised Crews to proceed after learning about any alibis, how Crews wished to proceed after telling Majid about his alibi, what expectations Crews had of Majid in regard to any alibi information, what actions Majid told Crews he would take and what actions Majid told Crews he actually took in regard to the March 26, 2005 alibi information. See DE[110] at 2.

The plaintiffs argue, in essence, that communications between Crews and Majid are not at issue in this lawsuit. If any conversations are relevant, they state, it is conversations between Majid and the District Attorney's Office regarding the alibi, and such conversations are not privileged. The Court agrees with this reasoning. The question of whether Majid told the NCDAO about Crews' 3/26/05 incarceration prior to the presentation to the Grand Jury has been "put in issue," but, as the plaintiffs argue, it is an issue that can be resolved by questioning Majid and the relevant personnel from the NCDAO. Courts have found that waivers based on the "at issue" doctrine occur where "(1) the very subject of privileged communications [is] critically relevant to the issue to be litigated, (2) there [is] a good faith basis for believing such essential privileged communications exist, and (3) there [is] no other source of direct proof on this issue." *Bank Brussels Lambert v. Credit Lyonnais (Suisse),S.A.,* 1995 WL 598971, at *5 (S.D.N.Y. Oct. 11,1995) (internal citations omitted). Here, as the plaintiffs argue, communications between Crews and Majid are not critically relevant, there are no "essential" privileged communications, and there is another source of direct proof on the issue of the Majid/NCDAO exchange - the parties directly involved in it. The court does not find that an at-issue waiver has occurred

2

under the circumstances now before it[1]. Further, the court declines to find a waiver in the brief testimony by Crews at his 50-h examination that took place prior to his counsel's assertion of the privilege.

Dated: Central Islip, New York  **SO ORDERED:**
August 28, 2008

  /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge

---

[1] The court takes no position at this time on the suggestion that the relevant circumstances might be different if Mr. Majid is added as a party.